Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:      (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>2013CHEAPBUY, AIMELANG OFFICIAL STORE, ALEX'S BEADS, ASHA STORE, ASIA LUCKY WATCH HOUSE, BABY GIRL BOUTIQUE, BAODING JIA LI TEXTILES CO., LTD, BAODING SYMPATHY BAGS MANUFACTURING CO., LTD, BARBIE OFFICIAL STORE, BEIJING CREATION DECOR CO., LTD, BILIBALA STORE, BILL LI-TANGLV STORE, BOOKSBAG, BTLIGE SWIM STORE, CHILDHOOD DAY STORE, CONANG STORE, CRYSTAL CODE PACKAGE (SHANGHAI) CO., LTD., CSTOWN CULTURAL CREATIVE (DALIAN) CO., LTD., D&Y MANSION STORE, DELICATE TREND STORE, DELIGHT CAN FTY (DONGGUAN) LTD., DHK RIBBON&ACCESSORIES 2 STORE, DINGTOLL, DK DREAMS77123 STORE, DOINB COMPANY STORE, DONGGUAN CITY TIAN MENG TIN CAN | **CIVIL ACTION No. ___**<br><br><br><br>**COMPLAINT**<br><br>**Jury Trial Requested**<br><br>**FILED UNDER SEAL** |

MANUFACTURE CO., LTD., DONGGUAN RATA IMPORT AND EXPORT TRADING COMPANY LTD, DONGGUAN WEIMEI ART & CRAFTS CO., LTD, ECCP STORE, ELEIZHENWTA OFFICIAL STORE, FASHIONTEE STORE, FEVENGETOLL OFFICIAL STORE, FIGOBELL STORE, FRESHBAB STORE, FUJIAN DEHUA SHENGJIE CERAMIC CO., LTD, GAGAOPT, GASOO MAX BEACHWEAR STORE, GOOD 3C DESIGN STORE, GRAND FLY DISPLAY & PACKAGING (DONGGUAN) CO., LTD., GRAND FLY DISPLAY PRODUCTS (SHENZHEN) CO., LTD., GUANGZHOU E-SUNRISE 3D CARD CO., LTD, GUANGZHOU FUNTIGER PAPER PRODUCTS CO., LTD, GUANGZHOU HAIZHU DISTRICT XIANCAI PAPER FACTORY, GUANGZHOU JOY BOUNCE TOYS CO., LTD., GUANGZHOU KINGPEAK HOUSEHOLD PRODUCT CO., LTD, GUANGZHOU TAILOR FASHION CO., LTD., GUANGZHOU YISON PRINTING CO., LTD., GUANGZHOU YOUNG TIN MANUFACTURING CO., LIMITED, GUANGZHOU YUHONG INFLATABLE PRODUCTS CO., LTD, HANGZHOU RONGZE SHOES CO., LTD, HAPPY STUDENTS STORE, HEPU STORE, HFSHY STORE, HITONSCOOL STORE, HUIZHOU KARREY PLASTIC METAL ELECTRONIC CO., LTD, HUNAN FIVE GOOD, LEATHER BAGS CO., LTD., HUNAN JINYI LEATHER & BAG CO., LTD., HUNAN ZHIDUOFU LEATHER BAGS CO., LTD, I-TOP FASHION STORES, IT'S A PARTY SUPPLIES STORE, IUNIQUEE OFFICIAL STORE, J-HUI STORE, JILIN ZHENGFENG TRADING CO., LTD, KEKAKA SWIMSUIT STORE, KK MAPLE STORE, KUGUYS BOOM STORE, LECOOL KIDSBAG STORE, LLYGE OFFICIAL STORE, LOVELY JEWELRY FINDINGS BEADS, LYDIA'S STORE, MAIYACA PHONE ACCESSORIES STORE, MANKA STATIONERY CO., LTD., MAYFLOWERS FEEDBACK(49999)| ORDERS(52458),

MENGLUOFAN STORE, MOONLIGHT
GODDESS STORE, NANCHANG
LANPANGZI E-COMMERCE CO., LTD,
NEXTSTATION SHANS STORE, NINGBO
HONYAU HOME TEXTILES CO., LTD,
NINGBO MERRY DECORATIVE
MATERIAL CO., LTD, NOTAG STORE,
PADDY DESIGN STORE, PANWAY
INDUSTRIES CO., LTD., PARIS TOWER
STORE, PARTY FACTORY STORE,
QUANZHOU BEST BAG CO., LTD.,
QUANZHOU JINYUAN GARMENT CO.,
LTD, QUANZHOU LINGQI BAGS CO., LTD.,
QUANZHOU XIANGFENG BAGS CO., LTD,
S & K STORE, SA FASHION WATCHES
TRADE CO., LTD, SENYA STORE,
SEXEMARA CHINA STORE, SHANGHAI RS
PACKAGING PRODUCT CO., LTD,
SHANTOU CHENGHAI DISTRICT SHUNHE
TOY FACTORY, SHANTOU CHENGHAI
GUANG QI SHENG TOYS FIRM, SHANTOU
JINYU TRADING CO., LTD, SHANTOU
LITU TOYS INDUSTRIAL CO., LTD,
SHENZHEN CAISTER WATCH CO., LTD,
SHENZHEN ECO PACKAGING CO., LTD,
SHENZHEN GIFT WATCHES CO;LTD
STORE, SHENZHEN GOODMATE PAPER
DISPLAY LIMITED, SHENZHEN HAIPAITE
TECHNOLOGY CO., LTD, SHENZHEN
HAIPAITE TECHNOLOGY COMPANY
LIMITED, SHENZHEN HAOJUN PRINTING
CO., LTD, SHENZHEN HZ 3C GROUPS CO.,
STORE, SHENZHEN JUNFEI INDUSTRIAL
CO., LTD, SHENZHEN LIKEY DISPLAY
PRODUCTS LIMITED, SHENZHEN POP
DISPLAYS CO., LTD, SHENZHEN RUIXING
FACTORY STORE, SHENZHEN SAFE
PRINTING & PACKAGING CO., LTD,
SHENZHEN SVEDA TECHNOLOGY CO.,
LTD, SHENZHEN WOW DISPLAY LIMITED,
SHENZHEN XURONGGAO HANDBAGS
CO., LTD., SHENZHEN YANLUNG TRADE
CO., LTD, SHENZHEN YY C ELECTRONIC
CO., LTD STORE STORE, SHOP2906017
STORE, SHOP3058045 STORE, SHOP3348010
STORE, SHOP3651025 STORE, SHOP3664005

STORE, SHOP3670089 STORE, SHOP3753002 STORE, FASHIONABLE STORE, SHOP3869039 STORE, SHOP4045029 STORE, SHOP4056077 STORE, SHOP4060005 STORE, SHOP4202026 STORE, SHOP4417005 STORE, SHOP4418102 STORE, SIMBOO STORE, SLITHICE APPAREL STORE, SOFIEVALKIERS STORE, TINAHAPPY STORE, TINGLU WATCH STORE, TOBAY TOY STORE, TOPRIBBON STORE, TRACYKWOK STORE, UBUYUSAVE SHOP3176017 STORE, VICKY' STORE STORE, WELLAGE STORE, WENZHOU OUHAI LOUQIAO SUNWAY EYEWEAR FACTORY, XIAMEN AMOY TRADING CO., LTD., XIAMEN BOSHENG UMBRELLA CO., LTD, XIAMEN DAIKE BAGS CO., LTD., XIAMEN HONGJIA INDUSTRY CO., LTD, XIAMEN HUILI BEAUTY CO., LTD, XIAMEN PHEBU OUTDOOR PRODUCTS CO., LTD., XIN_FASHIONSS STORE, XINTXCOS STORE, YIWU F & J JEWELRY CO., LTD., YIWU GUANLI CLOTHING CO., LTD, YIWU HOTTOM FASHION FACTROY, YIWU PINFIRST IMPORT & EXPORT FIRM, YIWU QLH IMPORT AND EXPORT CO., LTD, YIWU SHUANGMEI GIFTS&CRAFTS CO., LTD., YIWU SUNLIGHT IMPORT & EXPORT CO., LTD., YIWU SUNTOP PAPER CRAFTS CO., LTD, YIWU TIANQI PACKAGING MATERIALS COMPANY LIMITED, YIWU XINMIAO SHOES FIRM, YJZT OFFICIAL STORE, YONGKANG SUOTE HARDWARE FACTORY, YUEYANG NUOYI RHINESTONE CO., LTD, ZHANGZHOU RAINFUN UMBRELLA INDUSTRIAL CO., LTD, ZHEJIANG DOMAX EMBRODIERY BEDDING CO., LTD., ZHENGZHOU KIDDYSON AMUSEMENT EQUIPMENT CO., LTD, ZHONGSHAN DETRON DISPLAY PRODUCTS CO., LTD., ZXQJ FRANCHISE STORE and ZYTJY ZY STORE,

*Defendants*

Plaintiff Mattel, Inc. ("Mattel" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

This action involves claims for trademark infringement of Plaintiff's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of Plaintiff's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and related state and common law claims (the "Action"), arising from Defendants 2013CheapBuy, AIMELANG Official Store, Alex's Beads, Asha Store, Asia Lucky watch house, BABY GIRL BOUTIQUE, Baoding Jia Li Textiles Co., Ltd, Baoding Sympathy Bags Manufacturing Co., Ltd, Barbie Official Store, Beijing Creation Decor Co., Ltd, Bilibala Store, BILL LI-TANGLV Store, BooksBag, BTLIGE Swim Store Store, Childhood day Store, CONANG Store, Crystal Code Package (Shanghai) Co., Ltd., CSTOWN Cultural Creative (Dalian) Co., Ltd., D&Y Mansion Store, Delicate Trend Store, Delight Can Fty (Dongguan) Ltd., DHK Ribbon&Accessories 2 Store, Dingtoll, DK dreams77123 Store, Doinb Company Store, Dongguan City Tian Meng Tin Can Manufacture Co., Ltd., Dongguan Rata Import And Export Trading Company Ltd, Dongguan Weimei Art & Crafts Co., Ltd, ECCP Store, ELEIZHENWTA Official Store, fashiontee Store, Fevengetoll Official Store, Figobell Store, FRESHBAB Store, Fujian Dehua Shengjie Ceramic Co., Ltd, gagaopt, Gasoo Max Beachwear Store, Good 3C design Store, Grand Fly Display & Packaging (Dongguan) Co., Ltd., Grand Fly Display Products (Shenzhen) Co., Ltd., Guangzhou E-Sunrise 3D Card Co., Ltd, Guangzhou

Funtiger Paper Products Co., Ltd, Guangzhou Haizhu District Xiancai Paper Factory, Guangzhou Joy Bounce Toys Co., Ltd., Guangzhou Kingpeak Household Product Co., Ltd, Guangzhou Tailor Fashion Co., Ltd., Guangzhou Yison Printing Co., Ltd., Guangzhou Young Tin Manufacturing Co., Limited, Guangzhou Yuhong Inflatable Products Co., Ltd, Hangzhou Rongze Shoes Co., Ltd, Happy Students Store, hepu Store, HFSHy Store, Hitonscool Store, Huizhou Karrey Plastic Metal Electronic Co., Ltd, Hunan Five Good, Leather Bags Co., Ltd., Hunan Jinyi Leather & Bag Co., Ltd., Hunan Zhiduofu Leather Bags Co., Ltd, I-TOP fashion stores, it's a party supplies Store, iuniquee Official Store, J-Hui Store, Jilin Zhengfeng Trading Co., Ltd, Kekaka Swimsuit Store, KK maple Store, KUGUYS BOOM Store, Lecool KidsBag Store, LLYGE Official Store, Lovely Jewelry Findings Beads, Lydia's Store, Maiyaca phone accessories Store, Manka Stationery Co., Ltd., Mayflowers Feedback(49999)| Orders(52458), MENGLUOFAN Store, Moonlight Goddess Store, Nanchang Lanpangzi E-Commerce Co., Ltd, NextStation Shans Store, Ningbo Honyau Home Textiles Co., Ltd, Ningbo Merry Decorative Material Co., Ltd, NOTAG Store, Paddy Design Store, Panway Industries Co., Ltd., Paris Tower Store, Party Factory Store, Quanzhou Best Bag Co., Ltd., Quanzhou Jinyuan Garment Co., Ltd, Quanzhou Lingqi Bags Co., Ltd., Quanzhou Xiangfeng Bags Co., Ltd, S & K Store, SA Fashion Watches Trade Co., LTD, SENYA Store, SexeMara china Store, Shanghai RS Packaging Product Co., Ltd, Shantou Chenghai District Shunhe Toy Factory, Shantou Chenghai Guang Qi Sheng Toys Firm, Shantou Jinyu Trading Co., Ltd, Shantou Litu Toys Industrial Co., Ltd, Shenzhen Caister Watch Co., Ltd, Shenzhen Eco Packaging Co., Ltd, SHENZHEN GIFT WATCHES CO;LTD Store, Shenzhen GoodMate Paper Display Limited, Shenzhen Haipaite Technology Co., Ltd, Shenzhen Haipaite Technology Company Limited, Shenzhen Haojun Printing Co., Ltd, Shenzhen HZ 3C GroupS co., Store, Shenzhen Junfei Industrial Co., Ltd, Shenzhen Likey Display Products Limited, Shenzhen POP

Displays Co., Ltd, Shenzhen RuiXing Factory Store, Shenzhen Safe Printing & Packaging Co., Ltd, Shenzhen Sveda Technology Co., Ltd, Shenzhen WOW Display Limited, Shenzhen Xuronggao Handbags Co., Ltd., Shenzhen Yanlung Trade Co., Ltd, Shenzhen YY C Electronic Co., Ltd Store Store, Shop2906017 Store, Shop3058045 Store, Shop3348010 Store, Shop3651025 Store, Shop3664005 Store, Shop3670089 Store, Shop3753002 Store, fashionable Store, Shop3869039 Store, Shop4045029 Store, Shop4056077 Store, Shop4060005 Store, Shop4202026 Store, Shop4417005 Store, Shop4418102 Store, Simboo Store, Slithice Apparel Store, sofievalkiers Store, TinaHappy Store, TingLu Watch Store, Tobay Toy Store, topribbon Store, TRACYKWOK Store, UbuyUsave Shop3176017 Store, vicky' store Store, wellage Store, Wenzhou Ouhai Louqiao Sunway Eyewear Factory, Xiamen Amoy Trading Co., Ltd., Xiamen Bosheng Umbrella Co., Ltd, Xiamen Daike Bags Co., Ltd., Xiamen Hongjia Industry Co., Ltd, Xiamen Huili Beauty Co., Ltd, Xiamen Phebu Outdoor Products Co., Ltd., Xin_fashionss Store, XinTXcos Store, Yiwu F & J Jewelry Co., Ltd., Yiwu Guanli Clothing Co., Ltd, Yiwu Hottom Fashion Factroy, Yiwu Pinfirst Import & Export Firm, Yiwu QLH Import And Export Co., Ltd, Yiwu Shuangmei Gifts&Crafts Co., Ltd., Yiwu Sunlight Import & Export Co., Ltd., Yiwu Suntop Paper Crafts Co., Ltd, Yiwu Tianqi Packaging Materials Company Limited, Yiwu Xinmiao Shoes Firm, YJZT Official Store, Yongkang Suote Hardware Factory, Yueyang Nuoyi Rhinestone Co., Ltd, Zhangzhou Rainfun Umbrella Industrial Co., Ltd, Zhejiang Domax Embrodiery Bedding Co., Ltd., Zhengzhou Kiddyson Amusement Equipment Co., Ltd, Zhongshan Detron Display Products Co., Ltd., ZXQJ Franchise Store and ZYTJY ZY Store (hereinafter collectively referred to as "Defendants" or individually as "Defendant") infringement of the Barbie Marks (as defined *infra*) and Barbie Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or

selling unlicensed, counterfeit and infringing versions of Plaintiff's Barbie Products (as defined *infra*).

## JURISDICTION AND VENUE

1.     This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.; pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

2.     Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district, for example:

a.   Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including New York, through accounts with online marketplace platforms such as Alibaba.com and AliExpress.com, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("User Accounts") through which consumers in the U.S., including New York, can view the one or more Defendants' Merchant Storefronts (as defined *infra*) that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including New York, as a means for establishing regular business with the U.S., including New York.

b.   Upon information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, operate storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in products, including the Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them ("Merchant Storefront(s)") in wholesale quantities at significantly below-market prices to consumers worldwide, including to consumers in the U.S., and specifically in New York.

c.   Upon information and belief, a majority of Defendants' Merchant Storefronts reflect multiple sales to consumers all over the world, including repeat sales to consumers in the U.S.

d.   Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York and specifically to the New York Address (as defined *infra*).

e.   Upon information and belief, Defendants have transacted business with consumers located in the U.S., including New York, for the sale and shipment of Counterfeit Products.

f.   Upon information and belief, Defendants are aware of Plaintiff, its Barbie Products, Barbie Marks and Barbie Works, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Plaintiff in the U.S. and specifically, in New York and this judicial district, as Plaintiff conducts substantial business in New York.

3.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct, transact, and/or solicit business in this judicial district.

## **THE PARTIES**

4.      Plaintiff Mattel, Inc. is a California corporation, having a principal place of business at 333 Continental Boulevard, TWR 15-1, El Segundo, CA 90245.

5.      Upon information and belief, Defendant 2013CheapBuy is a merchant on Aliexpress.com, at https://de.aliexpress.com/store/521941, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Shanghai, China.

6.      Upon information and belief, Defendant A fun childhood Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3573027?, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Wuhan, Hubei, China.

7.      Upon information and belief, Defendant AIMELANG Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2623018, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

8.      Upon information and belief, Defendant Alex's Beads is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/819342, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

9.      Upon information and belief, Defendant Amelie is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/407933, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Shanghai, China.

10.      Upon information and belief, Defendant Anhui Yageli Display Co., Ltd. is a merchant on Alibaba.com, at https://acrylicdisplayfactory.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 5, Area A, Building 7, Gongtou Xinglu Science and Technology Industrial Park, Luyang District, Hefei, Anhui, China.

11.      Upon information and belief, Defendant Asha Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1197339, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

12.      Upon information and belief, Defendant Asia Lucky watch house is a merchant on Aliexpress.com, at http://www.aliexpress.com/store/530708, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

13.     Upon information and belief, Defendant BABY GIRL BOUTIQUE is a merchant on Aliexpress.com, at https://poshbean.aliexpress.com/store/1240075, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

14.     Upon information and belief, Defendant Baoding Jia Li Textiles Co., Ltd. is a merchant on Alibaba.com, at https://bdjiali.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Xiaowangguozhuang Village, Gaoyang County, Baoding, Hebei, China (Mainland).

15.     Upon information and belief, Defendant Baoding Sympathy Bags Manufacturing Co., Ltd. is a merchant on Alibaba.com, at https://myluggage.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at     West Side Of Government Street, Baigou Town, Baoding, Hebei, China (Mainland).

16.     Upon information and belief, Defendant Barbie Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3088048, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

17.     Upon information and belief, Defendant Beijing Creation Decor Co., Ltd. is a merchant on Alibaba.com, at https://creationdecor.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Unit 1, Bldg. 3, Xianghe Xingye Flat, Langfang, Hebei, China (Mainland).

18.     Upon information and belief, Defendant Bilibala Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3792001, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

19.     Upon information and belief, Defendant BILL LI-TANGLV Store is a merchant on Aliexpress.com, at https://lovetanglv.aliexpress.com/store/1814238, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

20.     Upon information and belief, Defendant BooksBag is a merchant on Aliexpress.com, at https://kidsbag.aliexpress.com/store/1179266, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Fuhzho, Fujian, China.

21.     Upon information and belief, Defendant BTLIGE Swim Store Store is a merchant on Aliexpress.com, at http://www.aliexpress.com/store/2821020, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

22.     Upon information and belief, Defendant Childhood Dreamwork is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1596075, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

23.     Upon information and belief, Defendant ChiYou Toy Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3155045, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

24.     Upon information and belief, Defendant CONANG Store is a merchant on Aliexpress.com, at https://conang.aliexpress.com/store/3880081, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Hebei, China.

25.     Upon information and belief, Defendant Crystal Code Package (Shanghai) Co., Ltd. is a merchant on Alibaba.com, at https://crystalcodeint.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 1021-1022, Bldg. 1, No. 100, Jinyu Road, Pudong New Area, Shanghai, China (Mainland).

13

26.     Upon information and belief, Defendant CSTOWN Cultural Creative (Dalian) Co., Ltd. is a merchant on Alibaba.com, at https://cstownrhinestone.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at     Floor 4, No. 13, Renxian Street, Qixianling, Hi-Tech Zone, Dalian, Liaoning, China (Mainland).

27.     Upon information and belief, Defendant D&Y Mansion Store is a merchant on Aliexpress.com, at https://dandy.aliexpress.com/store/1928067, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

28.     Upon information and belief, Defendant Delicate Trend Store is a merchant on Aliexpress.com, at http://www.aliexpress.com/store/3658049, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

29.     Upon information and belief, Defendant Delight Can Fty (Dongguan) Ltd. is a merchant on Alibaba.com, at https://delightcan.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Dongshan Village, Qishi Town, Dongguan, Guangdong, China (Mainland).

30.     Upon information and belief, Defendant DHK Ribbon&Accessories 2 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3587008, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

31.     Upon information and belief, Defendant Dingtoll is a merchant on Aliexpress.com, at https://dingtoll-unique.aliexpress.com/store/208564, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

32.     Upon information and belief, Defendant DK dreams77123 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4417030/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Jingzhoushi, Hebei, China.

33.     Upon information and belief, Defendant Doinb Company Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/517190, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

34.     Upon information and belief, Defendant Dongguan City Tian Meng Tin Can Manufacture Co., Ltd. is a merchant on Alibaba.com, at https://tinmen-united.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in at Fulong Road, Jinlong Industrial District, Longzhongkeng Village, Sanzhong Village, Qingxi Town, Dongguan, Guangdong, China (Mainland).

35.     Upon information and belief, Defendant Dongguan Rata Import And Export Trading Company Ltd. is a merchant on Alibaba.com, at https://dgrata.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 717, 7/F, Caijin Business Building, Sanyuanli, Nancheng District, Dongguan, Guangdong, China (Mainland).

36.     Upon information and belief, Defendant Dongguan Weimei Art & Crafts Co., Ltd. is a merchant on Alibaba.com, at https://dgweimei.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 108, Building 6, Vanke Centre, No. 200, Qifeng Road, Xingtang Community, Guancheng Street, Dongguan, Guangdong, China (Mainland).

37.     Upon information and belief, Defendant Dudo Store is a merchant on Aliexpress.com, at https://dudo.aliexpress.com/store/3413028, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

38.    Upon information and belief, Defendant DUWES Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/915752, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Fujian, China.

39.    Upon information and belief, Defendant ECCP Store is a merchant on Aliexpress.com, at https://eccp.aliexpress.com/store/3670076, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Beijing, Beijing, China.

40.    Upon information and belief, Defendant ELEIZHENWTA Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2799122, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

41.    Upon information and belief, Defendant fashiontee Store is a merchant on Aliexpress.com, at http://www.aliexpress.com/store/1948335, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

42.    Upon information and belief, Defendant Fevengetoll Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2024059, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

43.    Upon information and belief, Defendant Figobell Store is a merchant on Aliexpress.com, at https://figobell.aliexpress.com/store/3271012, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Shenyangshi, Liaoning, China.

44.    Upon information and belief, Defendant FRESHBAB Store is a merchant on Aliexpress.com, at https://freshbab.aliexpress.com/store/1876336, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

45.     Upon information and belief, Defendant Fujian Dehua Shengjie Ceramic Co., Ltd. is a merchant on Alibaba.com, at https://sjceramic.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 2, Xinde Ceramic, Baomei Ind. Zone, Dehua County, Quanzhou, Fujian, China (Mainland).

46.     Upon information and belief, Defendant Funny Hour Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3620084, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

47.     Upon information and belief, Defendant gagaopt is a merchant on Aliexpress.com, at https://gagaopt-professional.aliexpress.com/store/1195726, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangzhou city, Guangdong, China.

48.     Upon information and belief, Defendant Gasoo Max Beachwear Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1023223, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

49.     Upon information and belief, Defendant Good 3C design Store is a merchant on Aliexpress.com, at www.aliexpress.com/store/3651010, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

50.     Upon information and belief, Defendant Grand Fly Display & Packaging (Dongguan) Co., Ltd. is a merchant on Alibaba.com, at https://cngrandfly.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 19, Jinfu 2nd Road, Huanan Ind. Zone, Liaobu Town, Dongguan, Guangdong, China (Mainland).

51.     Upon information and belief, Defendant Grand Fly Display Products (Shenzhen) Co., Ltd. is a merchant on Alibaba.com, at https://grandfly.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Building 38, Area 5, Cuigang Industrial Park, Huaide, Fuyong Street, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

52.     Upon information and belief, Defendant Guangdong Kaliti Science & Technology Co., Ltd. is a merchant on Alibaba.com, at https://kimyoncosmetics.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Waipo Antou Ind. Area, Fengxiang St., Chenghai District, Shantou, Guangdong, China (Mainland).

53.     Upon information and belief, Defendant Guangzhou E-Sunrise 3D Card Co., Ltd. is a merchant on Alibaba.com, at https://gz3d.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. C406, Changsheng Business Center, 26 Daguan South Road, Tianhe District, Guangzhou, Guangdong, China (Mainland).

54.     Upon information and belief, Defendant Guangzhou Funtiger Paper Products Co., Ltd. is a merchant on Alibaba.com, at https://gzpapertiger.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at  1          Pond Industrial Area, Society 11, Dalang Village, Biayun Lake Street, Baiyun District, Guangzhou, Guangdong, China.

55.     Upon information and belief, Defendant Guangzhou Haizhu District Xiancai Paper Factory is a merchant on Alibaba.com, at https://gzxcyy.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 2, Bldg.

12, Phase 3, 7th Community, Xinye Road, Haizhu Dist., Guangzhou, Guangdong, China (Mainland).

56.    Upon information and belief, Defendant Guangzhou Joy Bounce Toys Co., Ltd. is a merchant on Alibaba.com, at https://joybounce.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 8-4, Bolong Road, Zhongluotan Town, Baiyun District, Guangzhou, Guangdong, China (Mainland).

57.    Upon information and belief, Defendant Guangzhou Kingpeak Household Product Co., Ltd. is a merchant on Alibaba.com, at https://kingpeak.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 1006, Bldg. 15, Wanke Qinyuan, Lunjiao, Shunde Dist., Foshan, Guangdong, China (Mainland).

58.    Upon information and belief, Defendant Guangzhou Landscape Display Products Co., Ltd. is a merchant on Alibaba.com, at https://gzdisplay.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at      1/F, No. 1, North Dalang Road, Dalang Village, Shijing Street, Baiyun District, Guangzhou, Guangdong, China (Mainland).

59.    Upon information and belief, Defendant Guangzhou Tailor Fashion Co., Ltd. is a merchant on Alibaba.com, at https://tailorfashion.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room B2-2002, Poly Daduhui, East of Hanxi Avenue, Panyu District, Guangzhou, Guangdong, China (Mainland).

60.    Upon information and belief, Defendant Guangzhou Yison Printing Co., Ltd. is a merchant on Alibaba.com, at https://yinsonpacking.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 4/F, Bldg. 2, No. 2, 2nd

Road, Quanxi North Industry Zone, Jianggao Town, Baiyun Dist., Guangzhou, Guangdong, China (Mainland).

61.     Upon information and belief, Defendant Guangzhou Young Tin Manufacturing Co., Limited is a merchant on Alibaba.com, at https://youngtin.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 608, Yinfeng E-Commerce Bldg., Sheling, Wanggang Village, Jiahe, Baiyun District, Guangzhou, Guangdong, China (Mainland).

62.     Upon information and belief, Defendant Guangzhou Yuhong Inflatable Products Co., Ltd. is a merchant on Alibaba.com, at https://yuhongqm.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at     No. 11, Xingye Road, Xicheng Ind. Zone, Renhe Town, Baiyun Dist., Guangzhou, Guangdong, China (Mainland).

63.     Upon information and belief, Defendant Hangzhou Rongze Shoes Co., Ltd. is a merchant        on             Alibaba.com,            at            https://eric-shoe.en.alibaba.com/?spm=a2700.wholesale.cordpanyb.3.25807504hWzrdB, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at     Room 2009, Huarong Times Mansion, No. 3380, Jiangnan Avenue, Binjiang District, Hangzhou, Zhejiang, China (Mainland).

64.     Upon information and belief, Defendant Happy Students Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/900076001, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

65.     Upon information and belief, Defendant hepu Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2678005, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

66.     Upon information and belief, Defendant HFSHy Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3049017, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

67.     Upon information and belief, Defendant Hitonscool Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3018024, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

68.     Upon information and belief, Defendant Huizhou Karrey Plastic Metal Electronic Co., Ltd. is a merchant on Alibaba.com, at https://karrey.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 54, Foling Road, Jiutan, Yuanzhou Town, Boluo County, Huizhou, Guangdong, China (Mainland).

69.     Upon information and belief, Defendant Hunan Five Good Leather Bags Co., Ltd. is a merchant on Alibaba.com, at https://whbags.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 18, Park Road, Shaodong, Hunan, China (Mainland).

70.     Upon information and belief, Defendant Hunan Jinyi Leather & Bag Co., Ltd. is a merchant on Alibaba.com, at https://jyi.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Changhong Road, Devolopment Zone, Shaodong County, Shaoyang, Hunan, China (Mainland).

71.     Upon information and belief, Defendant Hunan Zhiduofu Leather Bags Co., Ltd. is a merchant on Alibaba.com, at https://zhiduohu.en.alibaba.com/, where it offers for sale and/or

sells Counterfeit Products and with a principal place of business located at No. 2, Group 2, Dapingwan Village, Liangshi Town, Shaodong County, Shaoyang, Hunan, China (Mainland).

72.     Upon information and belief, Defendant Ideas Cool (Xiamen) Bags Co., Limited is a merchant on Alibaba.com, at https://ideascool.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Block H, Floor 11, Hengdali Business Bldg., Chidian Town, Jinjiang, Fujian, China (Mainland).

73.     Upon information and belief, Defendant I-TOP fashion stores is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/907661, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

74.     Upon information and belief, Defendant it's a party supplies Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3657074, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

75.     Upon information and belief, Defendant iunique Official Store is a merchant on Aliexpress.com, at https://iuniquee.aliexpress.com/store/2950031, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

76.     Upon information and belief, Defendant J-Hui Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3866100, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

77.     Upon information and belief, Defendant Jilin Zhengfeng Trading Co., Ltd. is a merchant on Alibaba.com, at http://jlzhengfeng.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 409, 4, Jinan Huacheng, Crossing Of Xianda Road And Qingnian Road, Lvyuan Dist., Changchun, Jilin, China (Mainland).

78.    Upon information and belief, Defendant KaiIin Toy Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3185021, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

79.    Upon information and belief, Defendant Kekaka Swimsuit Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/433394, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

80.    Upon information and belief, Defendant KK maple Store is a merchant on Aliexpress.com, at https://kkmaple.aliexpress.com/store/3718002, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

81.    Upon information and belief, Defendant KUGUYS BOOM Store is a merchant on Aliexpress.com, at https://kuguysboom.aliexpress.com/store/210580, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

82.    Upon information and belief, Defendant Lecool KidsBag Store is a merchant on Aliexpress.com, at https://lecool.aliexpress.com/store/520399, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Fujian, China.

83.    Upon information and belief, Defendant LLYGE Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2966065, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

84.    Upon information and belief, Defendant Lovely Jewelry Findings Beads is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/617760, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China.

85.     Upon information and belief, Defendant Lydia's Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/410867, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

86.     Upon information and belief, Defendant MaiYaCa Official Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2395065, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

87.     Upon information and belief, Defendant Maiyaca phone accessories Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2411078, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

88.     Upon information and belief, Defendant Manka Stationery Co., Ltd. is a merchant on Alibaba.com, at https://manka.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 19, Area 9, Anping Industrial District, Anhai, Jinjiang, Quanzhou, Fujian, China (Mainland).

89.     Upon information and belief, Defendant Mayflowers Feedback(49999)| Orders(52458) is a merchant on Aliexpress.com, at https://mayflowers.aliexpress.com/store/504766, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Zhejiang, China.

90.     Upon information and belief, Defendant MENGLUOFAN Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2975015, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

91.     Upon information and belief, Defendant MicroPlushToys Store is a merchant on Aliexpress.com, at http://www.aliexpress.com/store/3124010, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

92.     Upon information and belief, Defendant Moonlight Goddess Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4050023, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

93.     Upon information and belief, Defendant Nanchang Lanpangzi E-Commerce Co., Ltd. is a merchant on Alibaba.com, at https://lanpangzi.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

94.     Upon information and belief, Defendant NextStation Shans Store is a merchant on Aliexpress.com, at https://de.aliexpress.com/store/3475049, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

95.     Upon information and belief, Defendant Ningbo Honyau Home Textiles Co., Ltd. is a merchant on Alibaba.com, at https://honyau.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 1112, Bldg. 5, Dongfang Buisness Center, Yinzhou Dist., Ningbo, Zhejiang, China (Mainland).

96.     Upon information and belief, Defendant Ningbo Merry Decorative Material Co., Ltd. is a merchant on Alibaba.com, at https://mrwallpaper.en.alibaba.com/company_profile.html, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Wudongzha Village, Guanhaiwei Town, Cixi, Ningbo, Zhejiang, China (Mainland).

97.     Upon information and belief, Defendant NOTAG Store is a merchant on Aliexpress.com,                                                                              at https://www.aliexpress.com/store/2949164?spm=a2g0x.10010108.100005.1.13cf543dkNVLXZ, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

98.     Upon information and belief, Defendant Paddy Design Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3356010, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

99.     Upon information and belief, Defendant Panway Industries Co., Ltd. is a merchant on Alibaba.com, at https://panway.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at B-B5002, Zero To One Entrepreneurial Town, Orange Park Island Industrial Park, No. 618, Jinshan Avenue, Cangshan District, Fuzhou, Fujian, China (Mainland).

100.    Upon information and belief, Defendant Paris Tower Store is a merchant on Aliexpress.com,  at  https://paris-tower.aliexpress.com/store/2811097,  where  it  offers  for  sale and/or sells Counterfeit Products and with a principal place of business located in China.

101.    Upon information and belief, Defendant Party Factory Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3120011, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Jinhuashi, Zhejiang, China.

102.    Upon information and belief, Defendant Quanzhou Best Bag Co., Ltd. is a merchant on  Alibaba.com,  at  https://bestoutdoor.en.alibaba.com/,  where  it  offers  for  sale  and/or  sells Counterfeit Products and with a principal place of business located in Floor 5, Ruiying Building, No. 757, Nanhuan Road, Licheng District, Quanzhou, Fujian, China (Mainland).

103.    Upon information and belief, Defendant Quanzhou Dingji Bags Co., Ltd. is a merchant on Alibaba.com, at https://dingjibags.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 110, North Huayuan Road, Chengdong Ind. Zone, Fengze Dist., Quanzhou, Fujian, China (Mainland).

104.    Upon information and belief, Defendant Quanzhou Jinyuan Garment Co., Ltd. is a merchant on Alibaba.com, at https://dx-baby.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Wanheng Building, Dongbin Industrial Park, Donghai Bincheng, Fengze District, Quanzhou, Fujian, China (Mainland).

105.    Upon information and belief, Defendant Quanzhou Lingqi Bags Co., Ltd. is a merchant on Alibaba.com, at https://lingqibags.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

106.    Upon information and belief, Defendant Quanzhou Xiangfeng Bags Co., Ltd. is a merchant on Alibaba.com, at http://qzxfbag.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 142, Gulong South Road, Chitu Village, Nanhuan Road, Licheng District, Quanzhou, Fujian, China (Mainland).

107.    Upon information and belief, Defendant RC Toy 20 Store is a merchant on Aliexpress.com, at http://www.aliexpress.com/store/2929052, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

108.    Upon information and belief, Defendant S & K Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4218005, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

109.    Upon information and belief, Defendant SA Fashion Watches Trade Co., LTD is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/911046, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

110.    Upon information and belief, Defendant SENYA Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4215007, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

111.    Upon information and belief, Defendant SexeMara china Store is a merchant on Aliexpress.com, at LINK, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

112.    Upon information and belief, Defendant NAME is a merchant on Aliexpress.com, at https://sexemarachina.aliexpress.com/store/1802191, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

113.    Upon information and belief, Defendant Shanghai RS Packaging Product Co., Ltd. is a merchant on Alibaba.com, at https://rsdisplay.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 2-1, Building 3, No. 518, Zhongda Road, Zhujing Town, Jinshan District, Shanghai, China (Mainland).

114.    Upon information and belief, Defendant Shantou Chenghai District Shunhe Toy Factory is a merchant on Alibaba.com, at https://shtoys.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

115.    Upon information and belief, Defendant Shantou Chenghai Guang Qi Sheng Toys Firm is a merchant on Alibaba.com, at https://gqstoys.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 6/F, No. 1, Zhongtai 8th South 1st Bldg., Ximen, Chenghua Subdistrict, Chenghai Dist., Shantou, Guangdong, China (Mainland).

116.    Upon information and belief, Defendant Shantou Jinyu Trading Co., Ltd. is a merchant on Alibaba.com, at https://jinyutoys.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 1310, Block 1, Wanshang Mansion, Huanghe Road, Block 15, Longhu District, Shantou, Guangdong, China (Mainland).

117.    Upon information and belief, Defendant Shantou Litu Toys Industrial Co., Ltd. is a merchant on Alibaba.com, at https://cnlitu.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Linghai Ind. Zone, Chenghai Dist., Shantou, Guangdong, China (Mainland).

118.    Upon information and belief, Defendant Shenzhen Caister Watch Co., Ltd. is a merchant on Alibaba.com, at https://caswatch.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 4-A, Zhengqilong Building, Gushu 1st Road, Gushu Community, Xixiang Subdistrict, Bao'an District, Shenzhen, Guangdong, China (Mainland).

119.    Upon information and belief, Defendant Shenzhen Eco Packaging Co., Ltd. is a merchant on Alibaba.com, at https://ecodisplay.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 2, Bldg. F, Phase 2, Fusen Tech Park, Hangcheng Avenue, Gushu, Xixiang Subdistrict, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

120.    Upon information and belief, Defendant SHENZHEN GIFT WATCHES CO;LTD Store is a merchant on Aliexpress.com, at https://buywatches.aliexpress.com/store/1657022, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

121.    Upon information and belief, Defendant Shenzhen GoodMate Paper Display Limited is a merchant on Alibaba.com, at https://good-mate.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 3/F, Bldg. 1, Baoan Foreign Trade Industry Area, Xin'an 3rd Road, Xin'an Street, Bao'an Dist., Shenzhen, Guangdong, China (Mainland).

122. Upon information and belief, Defendant Shenzhen Haipaite Technology Co., Ltd. is a merchant on Alibaba.com, at https://idisplay.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 10/F, Bldg. A, Kelu Bldg., Baoshen Road, North Zone Of Tech Park, Nanshan Dist., Shenzhen, Guangdong, China (Mainland).

123. Upon information and belief, Defendant Shenzhen Haipaite Technology Company Limited is a merchant on Alibaba.com, at https://haipaitech.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 202, Bldg. 45, Changxing Tech Industrial Park, Changzhen Community, Gongming Office, Guangming New Zone, Baoan Dist., Shenzhen, Guangdong, China (Mainland).

124. Upon information and belief, Defendant Shenzhen Haojun Printing Co., Ltd. is a merchant on Alibaba.com, at https://szhaojun.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 2nd Floor, Bldg. 13, Rentian Industrial Area, Fuyong Subdistrict, Bao'an District, Shenzhen, Guangdong, China (Mainland).

125. Upon information and belief, Defendant Shenzhen HZ 3C GroupS co., Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2958121, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

126. Upon information and belief, Defendant Shenzhen Junfei Industrial Co., Ltd. is a merchant on Alibaba.com, at https://bag-umbrella.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

127. Upon information and belief, Defendant Shenzhen Likey Display Products Limited is a merchant on Alibaba.com, at https://likeydisplay.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 101, Zone

A, Beike Industry Park, Mulun Industry Area, Changping Town, Dongguan, Guangdong, China (Mainland).

128.    Upon information and belief, Defendant Shenzhen Meiya Display Co., Limited is a merchant on Alibaba.com, at https://mydisplay.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 1, Plant C, No. 132, Dayang Rd., Fuyong St., Baoan District, Shenzhen, Guangdong, China (Mainland).

129.    Upon information and belief, Defendant Shenzhen POP Displays Co., Ltd. is a merchant on Alibaba.com, at https://enpopdisplays.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 1/F, 4th Building, Hedian Industrial Park, Shijing Community, Guanlan Street, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

130.    Upon information and belief, Defendant Shenzhen RuiXing Factory Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2960133, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

131.    Upon information and belief, Defendant Shenzhen Safe Printing & Packaging Co., Ltd. is a merchant on Alibaba.com, at https://safeprint.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 3 Floor, Buliding 4th, Shanggaopo Industrial Zone, No. 89, Donghuan Road, Shajing Street, Baoan District, Shenzhen, Guangdong, China (Mainland).

132.    Upon information and belief, Defendant Shenzhen Senfutong Paper Co., Ltd. is a merchant on Alibaba.com, at https://senfutong.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 621, 6/F, Region B, Huameiju Business Center, Baoan District, Shenzhen, Guangdong, China (Mainland).

133.    Upon information and belief, Defendant Shenzhen Sveda Technology Co., Ltd. is a merchant on Alibaba.com, at https://sveda.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 702, Bldg. 81, Shayuanpu, Minzhi Road, Minzhi Street, Longhua New Dist., Shenzhen, Guangdong, China (Mainland).

134.    Upon information and belief, Defendant Shenzhen WOW Display Limited is a merchant on Alibaba.com, at https://wowpopdisplay.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 211, Bldg. B, Shuiyuanju, East of Baoan Ave., Shajing Subdistrict, Baoan District, Shenzhen, Guangdong, China (Mainland).

135.    Upon information and belief, Defendant Shenzhen Xuronggao Handbags Co., Ltd. is a merchant on Aliexpress.com, at https://xuronggao.en.alibaba.com/?, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 5/F,   Building A, Mashantou 1st Industrial Zone, Gongming Street, Guangming New District, Shenzhen, Guangdong, China (Mainland).

136.    Upon information and belief, Defendant Shenzhen Yanlung Trade Co., Ltd is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1728599, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

137.    Upon information and belief, Defendant Shenzhen YY C Electronic Co., Ltd Store Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2677080, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

138.     Upon information and belief, Defendant Shop2906017 Store is a merchant on Aliexpress.com, at https://de.aliexpress.com/store/2906017, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

139.     Upon information and belief, Defendant Shop3058045 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3058045, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

140.     Upon information and belief, Defendant Shop3348010 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3348010, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

141.     Upon information and belief, Defendant Shop3651025 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3651025, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

142.     Upon information and belief, Defendant Shop3664005 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3664005, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

143.     Upon information and belief, Defendant Shop3670089 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3670089, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

144.     Upon information and belief, Defendant Shop3753002 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3753002, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

145.    Upon information and belief, Defendant Shop3857095 Store is a merchant on Aliexpress.com, at LINK, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

146.    Upon information and belief, Defendant NAME is a merchant on Aliexpress.com, at https://aliexpress.com/store/3857095, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

147.    Upon information and belief, Defendant Shop3869039 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3869039, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

148.    Upon information and belief, Defendant Shop4045029 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4045029, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

149.    Upon information and belief, Defendant Shop4056077 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4056077, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

150.    Upon information and belief, Defendant Shop4060005 Store is a merchant on Aliexpress.com, at https://de.aliexpress.com/store/4060005, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

151.    Upon information and belief, Defendant Shop4202026 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4202026, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

152.     Upon information and belief, Defendant Shop4417005 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4417005, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

153.     Upon information and belief, Defendant Shop4418102 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4418102, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

154.     Upon information and belief, Defendant Simboo Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4086004, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Foshan, Guangdong, China.

155.     Upon information and belief, Defendant SimCastle Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4389090, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

156.     Upon information and belief, Defendant Slithice Apparel Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2679023, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

157.     Upon information and belief, Defendant sofievalkiers Store is a merchant on Aliexpress.com, at https://sofievalkiers0.aliexpress.com/store/2932080, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

158.     Upon information and belief, Defendant TIK TOK Store is a merchant on Aliexpress.com, at https://tiktoktoy.aliexpress.com/store/2781144, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

159.    Upon information and belief, Defendant Time Machine Co.,Ltd is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1951467, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Shenzhen, China.

160.    Upon information and belief, Defendant TinaHappy Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1178008, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangzhou, Guangdong, China.

161.    Upon information and belief, Defendant TingLu Watch Store is a merchant on Aliexpress.com, at https://tinglu.aliexpress.com/store/2885035, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

162.    Upon information and belief, Defendant Tobay Toy Store is a merchant on Aliexpress.com, at https://tobaytoy.aliexpress.com/store/2964044, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

163.    Upon information and belief, Defendant topribbon Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/2844010, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Fujian, China.

164.    Upon information and belief, Defendant TRACYKWOK Store is a merchant on Aliexpress.com, at https://tracykwok.aliexpress.com/store/1892106, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

165.    Upon information and belief, Defendant UbuyUsave Shop3176017 Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3176017, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

166.    Upon information and belief, Defendant vicky' store Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/516385, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

167.    Upon information and belief, Defendant VISHINE SHOP is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1711730, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

168.    Upon information and belief, Defendant wellage Store is a merchant on Aliexpress.com, at https://de.aliexpress.com/store/4058062, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

169.    Upon information and belief, Defendant Wenzhou Ouhai Louqiao Sunway Eyewear Factory is a merchant on Alibaba.com, at https://sunway-eyewear.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at (Room 1 East, 2nd Floor, NO. 7 building) No. 299, Jinhui Road, Louqiao Industrial Zoon, Ouhai Dist., Wenzhou, Zhejiang, China (Mainland).

170.    Upon information and belief, Defendant Xiamen Amoy Trading Co., Ltd. is a merchant on Alibaba.com, at https://amoy.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 1001, No. 990, 992, Anling Road, Huli District, Xiamen, Fujian, China (Mainland).

171.    Upon information and belief, Defendant Xiamen Bosheng Umbrella Co., Ltd. is a merchant on Alibaba.com, at https://blossomumbrella.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Unit 804, No. 380, Qishan Road, Huli District, Xiamen, Fujian, China (Mainland).

172.    Upon information and belief, Defendant Xiamen Daike Bags Co., Ltd. is a merchant on Alibaba.com, at https://daikebag.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 320, Floor 3, Bldg. 2, No. 76-77, Zhonglunshe, Huli Dist., Xiamen, Fujian, China (Mainland).

173.    Upon information and belief, Defendant Xiamen Hongjia Industry Co., Ltd. is a merchant on Alibaba.com, at https://hjind.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 2207, (Bldg. A, Datang Wuyuan Yoho) No. 9, Mucuo Road, Huli Dist., Xiamen, Fujian, China (Mainland).

174.    Upon information and belief, Defendant Xiamen Huili Beauty Co., Ltd. is a merchant on Alibaba.com, at https://loveamoy.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 502-506, Floor 5, Bldg. A, Sanfu Caifu Center, No. 990, 992, Anling Road, Huli Dist., Xiamen, Fujian, China (Mainland).

175.    Upon information and belief, Defendant Xiamen Phebu Outdoor Products Co., Ltd. is a merchant on Alibaba.com, at https://phebu.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 315, No. 1039 Caitang Community, Huli District, Xiamen, Fujian, China (Mainland).

176.    Upon information and belief, Defendant Xin_fashionss Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/3241065, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

177.    Upon information and belief, Defendant XinTXcos Store is a merchant on Aliexpress.com, at https://xincosmermaid.aliexpress.com/store/2887010, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Guangdong, China.

178.   Upon information and belief, Defendant Yiwu F & J Jewelry Co., Ltd. is a merchant on Alibaba.com, at https://fjacc.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 356, Shenzhou Road, Houzhai Industrial Zone, Yiwu, Jinhua, Zhejiang, China (Mainland).

179.   Upon information and belief, Defendant Yiwu Guanli Clothing Co., Ltd. is a merchant on Alibaba.com, at https://za.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 5 Danchen 1st Rd., Yiwu, Jinhua, Zhejiang, China (Mainland).

180.   Upon information and belief, Defendant Yiwu Hottom Fashion Factroy is a merchant on Alibaba.com, at https://hottom.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Floor 4, Bldg. B, No. 29, Dongshan Road, Qingkou Ind. Zone, Jiangdong Street, Yiwu, Jinhua, Zhejiang, China (Mainland).

181.   Upon information and belief, Defendant Yiwu Pinfirst Import & Export Firm is a merchant on Alibaba.com, at https://pinfirst.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 1510, Bldg. A, Caifu Bldg., Yiwu, Jinhua, Zhejiang, China (Mainland).

182.   Upon information and belief, Defendant Yiwu QLH Import And Export Co., Ltd. is a merchant on Alibaba.com, at https://qlhtoys.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Rm. 201, 719-1, Danxi North Road, Yiwu, Jinhua, Zhejiang, China (Mainland).

183.   Upon information and belief, Defendant Yiwu Shuangmei Gifts&Crafts Co., Ltd. is a merchant on Alibaba.com, at https://chinatopack.en.alibaba.com, where it offers for sale and/or

sells Counterfeit Products and with a principal place of business located at No. 465, Qijiguang Road, Economic Development Zone, Yiwu, Jinhua, Zhejiang, China (Mainland).

184.     Upon information and belief, Defendant Yiwu Sunlight Import & Export Co., Ltd. is a merchant on Alibaba.com, at https://sunlightexport.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 521, Building 1, No. 1243, Caobao Road, Minhang Dist., Shanghai, China (Mainland).

185.     Upon information and belief, Defendant Yiwu Suntop Paper Crafts Co., Ltd. is a merchant on Alibaba.com, at https://ywsuntop.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 82, Xiahe Road, Yiwu, Jinhua, Zhejiang, China (Mainland).

186.     Upon information and belief, Defendant Yiwu Tianqi Packaging Materials Company Limited is a merchant on Alibaba.com, at https://tq-package.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 201, No. 16, Lane 7, Shichang Road, Yiwu, Jinhua, Zhejiang, China (Mainland).

187.     Upon information and belief, Defendant Yiwu Xinmiao Shoes Firm is a merchant on Alibaba.com, at https://ywxinmiao.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 44317A, Zone 4, Int'l Trade City, Yiwu, Jinhua, Zhejiang, China (Mainland).

188.     Upon information and belief, Defendant YJZT Official Store is a merchant on Aliexpress.com, at https://10000.aliexpress.com/store/1552302, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in Jinhua Pujiang, Zhejiang, China.

189.    Upon information and belief, Defendant Yongkang Suote Hardware Factory is a merchant on Alibaba.com, at https://chinasuote.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Xiaxitan, Yatang Village, Tangxian Town, Yongkang, Jinhua, Zhejiang, China (Mainland).

190.    Upon information and belief, Defendant Yueyang Nuoyi Rhinestone Co., Ltd. is a merchant on Alibaba.com, at https://yyrhinestone.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Room 312, Chuangye Building, No. 516, Baling Middle Road, Yueyang, Hunan, China (Mainland).

191.    Upon information and belief, Defendant Zhangzhou Rainfun Umbrella Industrial Co., Ltd. is a merchant on Alibaba.com, at https://rainfun.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at 3rd Floor, Workshop Of Zhangzhou Kunwang Garments Plant, Longwen Ind. Development Zone, Zhangzhou, Fujian, China (Mainland).

192.    Upon information and belief, Defendant Zhejiang Domax Embroidery Bedding Co., Ltd. is a merchant on Alibaba.com, at https://meirenyu.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at No. 2, Xinda Road, Suoqian Industrial Zone, Xiaoshan District, Hangzhou, Zhejiang, China (Mainland).

193.    Upon information and belief, Defendant Zhengzhou Kiddyson Amusement Equipment Co., Ltd. is a merchant on Alibaba.com, at https://zzkdxyl.en.alibaba.com, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at East 300m, North Of Corss Of Hongnan Rd. And Qingyang St., Hi-Tech Dist., Zhengzhou, Henan, China (Mainland).

194.    Upon information and belief, Defendant Zhongshan Detron Display Products Co., Ltd. is a merchant on Alibaba.com, at https://detron.en.alibaba.com/, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located at Zhongshan, shiqi strict, Xizhong Road, NO.5, 706.

195.    Upon information and belief, Defendant ZXQJ Franchise Store is a merchant on Aliexpress.com,  at  https://zxqjfranchise.aliexpress.com/store/3665037, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

196.    Upon information and belief, Defendant ZYTJY ZY Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1748698, where it offers for sale and/or sells Counterfeit Products and with a principal place of business located in China.

## GENERAL ALLEGATIONS

### Plaintiff and Its Well-Known Barbie Products

197.    Plaintiff, through its family of companies, is a leading designer, developer, marketer, manufacturer and distributor of well-known children's toys and games ("Mattel Products") under its iconic brands, including, but not limited to: Barbie, Thomas & Friends, Hot Wheels, American Girl and Fisher-Price ("Mattel Brands").

198.    Plaintiff sells its Mattel Products worldwide through major retailers, quality toy stores and online marketplaces.

199.    One of Plaintiff's most popular and successful brands is Barbie, an iconic and world-renowned fashion doll ("Barbie").

200.    Barbie was created in the late 1950's by Ruth Handler after recognizing that her daughter Barbara had limited choices of toys to play with, unlike her son Ken.  For example, Ken had toys with which he could imagine himself as a firefighter, an astronaut, a cowboy and a doctor,

among other things.  Girls, on the other hand, were mostly playing with bits of cardboard in the form of paper dolls used to express fashion play, or baby dolls with which they could imagine themselves as a mother or caregiver.   There was no such thing as a three-dimensional fashion doll. Ruth came to realize that there was a market for such a doll with which girls could play with fashion and dream of growing up.

201.    Barbie was first introduced at the American International Toy Fair in New York on March 9, 1959, a date which has since become recognized by Mattel as being Barbie's birthday.[1]

202.    However, at the Toy Fair that year, Barbie was not a hit.  The toy buyers, who at the time were mostly men, generally did not know what to make of a fashion doll in the form of an adult woman for children.  Still, Ruth understood that when the doll got into girls' hands, they would see the doll as a platform for imaginative play.  Ultimately, when girls saw the first commercial for Barbie, orders for the doll went through the roof, to the point where Mattel could not manufacture enough dolls to keep up with the demand.

203.    The Barbie doll soon became famous around the world, dramatically impacting the way that children interacted with dolls and the Barbie brand has since expanded to a vast range of commercial products, including, but not limited to, playhouses, toy cars, books, movies, games, puzzles and clothing ("Barbie Products").

204.    During the first year of production, approximately 300,000 original Barbie dolls were sold.  To date, more than one billion Barbie brand dolls alone have been sold across 150 different countries, as well as additional sales of non-toy Barbie Products in over 45 categories.

---

[1] Contance Gibb, *8 fun facts about Barbara Millicent Roberts on Barbie Day*, NEW YORK DAILY NEWS, Mar. 9, 2017, https://www.nydailynews.com/life-style/march-9-barbie-day-8-facts-barbara-millicent-roberts-article-1.2992330.

Total annual sales under the Barbie brand are more than a billion dollars, with much of that revenue stemming from sales of Barbie Products other than toys.

205.    The impact of the Barbie brand has reached heights and received honors rarely seen in the toy world.  For example, Barbie has appeared in films, including the *Toy Story* franchise,[2] has had a section of Times Square briefly renamed "Barbie Boulevard" in 1974, has been depicted in a painting by the artist Andy Warhol,[3] has landed the cover of *Time Magazine*[4] and is part of the Smithsonian Institution's collection in the National Museum of American History.[5]

206.    While Plaintiff has gained significant common law trademark and other rights in its Barbie Products, through use, advertising, and promotion, Plaintiff has also protected these valuable rights by filing for and obtaining federal trademark registrations.

207.    For example, Plaintiff is the owner of a number of US Trademark Registrations for BARBIE or BARBIE formative marks, including but not limited to:  U.S. Trademark Reg. No. 689,055 for "BARBIE" for a variety of goods in Class 22, U.S. Trademark Reg. No. 741,208 for "BARBIE" for a variety of goods in Class 22, U.S. Trademark Reg. No. 768,397 for "BARBIE" for a variety of goods in Class 22, U.S. Trademark Reg. No. 810,106 for "BARBIE" for a variety of goods in Class 22, U.S. Trademark Reg. No. 814,995 for "BARBIE" for a variety of goods in Classes 37 and 38, U.S. Trademark Reg. No. 1,300,766 for "BARBIE" for a variety of goods in Class 28, U.S. Trademark Reg. No. 1,693,139 for "BARBIE" for a variety of goods in Class 25, U.S. Trademark Reg. No. 1,746,477 for "BARBIE" for a variety of goods in Class 28, U.S. Trademark Reg. No. 1,754,535  for "BARBIE" for a variety of goods in Class 25, U.S. Trademark

---

[2] TOY STORY 2 (Walt Disney Pictures 1999), TOY STORY 3 (Walt Disney Pictures 2010).
[3] Hannah Moore, *Why Warhol painted Barbie*, BBC, Oct. 1, 2015, https://www.bbc.com/news/magazine-34407991.
[4] *INSIDE THE BIGGEST CHANGE IN BARBIE'S 57-YEAR HISTORY- AND WHAT IT SAYS ABOUT AMERICAN BEAUTY DEALS,* TIME, http://time.com/barbie-new-body-cover-story/.
[5] SMITHSONIAN INSTITUTION, https://www.si.edu/object/nmah_1155897 (last visited Dec. 10, 2018)

Reg. No. 1,769,285 for "BARBIE" for a variety of goods in Class 16, U.S. Trademark Reg. No.

1,773,571 for "BARBIE" for a variety of goods in Class 14, U.S. Trademark Reg. No. 1,775,637

for "BARBIE" for a variety of goods in Classes 3 and 21, U.S. Trademark Reg. No. 1,795,876 for

"BARBIE" for a variety of goods in Class 18, U.S. Trademark Reg. No. 2,040,801 for "BARBIE"

for a variety of goods in Class 25, U.S. Trademark Reg. No. 2,203,306 for "BARBIE" for a variety

of good in Classes 21 and 26, U.S. Trademark Reg. No. 3,287,023 for "BARBIE" for a variety of

goods in Class 28, U.S. Trademark Reg. No. 2,087,842 for *Barbie*   for a variety of goods in

Class 28 and U.S. Trademark Reg. No. 2,639,971 for *Barbie*   for a variety of goods in Classes

25 and 28 (collectively, the "Barbie Marks").   True and correct copies of the registration

certificates for the Barbie Marks are attached hereto as **Exhibit A** and incorporated herein by

reference.

208.    The Barbie Marks are currently in use in commerce in connection with Barbie

Products.  The Barbie Marks were first used in commerce on or before the dates of first use as

reflected in the registration certificates attached hereto as **Exhibit A**.  All of the Barbie Marks are

valid and subsisting and many are incontestable.

209.    In addition, Plaintiff is also the owner of both registered and unregistered

copyrights in and related to the Barbie Products.

210.    For example, Plaintiff is the owner of U.S. Copyright Registrations for Barbie brand

designs and imagery, including but not limited to: U.S. Copyright Reg. No. VA 945-179, covering

the Barbie head sculpture known as CEO Barbie: no. 98-20548, U.S. Copyright Reg. No. VA 1-

884-053, covering the Barbie Silhouette Head, U.S. Copyright Reg. No. VA 1-694-866, covering

The Fabulous Life of Barbie – Barbie Spring/Summer 2010, U.S. Copyright Reg. No. VA 1-698-

616, covering The Fabulous Life of Barbie – Barbie Fall/Winter 2010 Style Guide, U.S. Copyright Reg. No. VA 1-843-492, covering Barbie A Fashion Fairytale Fall 2010 Entertainment Style Guide, U.S. Copyright Reg. No. VA 1-843-508, covering The Fabulous Life of Barbie Style Guide 2011, U.S. Copyright Reg. No. VA 1-849-098, covering the Barbie 2012 Style Guide, Copyright Reg. No. VA 1-849-097, covering the Barbie 2013 Style Guide, U.S Copyright Reg. No. VA 1-915-299, covering the Barbie 2014 Consumer Products Style Guide, U.S. Copyright Reg. No. VA 1-915-304, covering the Barbie Consumer Products 2015 Style Guide, U.S. Copyright Reg. No. VA 1-930-942, covering the Barbie Packaging Guide 2010 and Beyond, U.S. Copyright Reg. No. VA 2-005-795, covering the Barbie 2017 Seasonal Style Guide Consumer Products & Packaging and U.S. Copyright Reg. No. VA 2-082-446, covering the Barbie 2018 Consumer Products Guide (collectively, the "Barbie Works").   True and correct copies of the U.S. Copyright registration certificates for the Barbie Works are attached hereto as **Exhibit B** and incorporated herein by reference.

211.    Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Barbie Products, Barbie Marks and Barbie Works.

212.    The success of the Barbie brand is due in part to Plaintiff's marketing and promotional efforts.   These efforts include advertising and promotion through television, Plaintiff's website, retailer websites, print and internet-based advertising and placement of the Barbie Products at dozens of authorized major retail outlets, both domestically and abroad, including New York.

213.    The success of the Barbie brand is also due to its use of high quality designs, materials and processes in making Barbie Products

214.    Additionally, Plaintiff owes a substantial amount of the success of the Barbie Products to its consumers and word-of-mouth buzz that its consumers have generated, including through events featuring Barbie Products, such as events at the Musée des Arts Décoratifs in Paris, France[6] and at Mudec's Museo delle Culture in Milan, Italy,[7] as well as meetups for fans.

215.    The Barbie brand's popularity extends even into the internet and social media, as, for example, the Barbie brand Instagram account, @barbiestyle, currently has over 1.9 million followers.[8]  Additionally, the Barbie channel on YouTube has over 9 billion views,[9] Barbie brand's collective social media followers numbers 17 million and Barbie is ranked as the number one toy brand in social conversation.  Further, as of 2017, Barbie Apps have boasted 57 million lifetime downloads, an average of 150,000 daily users.

216.    While the largest market for Barbie dolls is girls ages 3 to 11, there is also a large market of adult collectors.  For example, the Barbie National Convention in the U.S. began in New York City in 1980 and Mattel estimates that there are eight million active collectors of Barbie dolls, primarily adults.

217.    Plaintiff's efforts, the quality of Plaintiff's Barbie Products, and the word-of-mouth buzz generated by its consumers have made the Barbie Marks, Barbie Works and Barbie Products prominently placed in the minds of the public.  The Barbie brand has achieved near universal recognition among the general consuming public in the U.S., and members of the public and retailers have become familiar with Plaintiff's Barbie Marks, Barbie Works and Barbie Products, and have come to associate them exclusively with Plaintiff.

---

[6] MUSÉE DES ARTS DÉCORATIFS, https://madparis.fr/en/about-us/exhibitions/recent-exhibitions/barbie/ (last visited Dec. 10, 2018).
[7] MUDEC MUSEO DELLE CULTURE, http://www.mudec.it/eng/barbie/ (last visited Dec. 10, 2018).
[8] @barbiestyle, Instagram (Nov. 30, 2018, 9:45 AM), https://www.instagram.com/barbiestyle/.
[9] Barbie, *Barbie*, YOUTUBE (Dec. 10, 2018), https://www.youtube.com/user/barbie.

218.   As recently as 2010, research conducted by Mattel among more than 1,800 participants showed that awareness of the Barbie brand among U.S. girls ages 5 – 10 is as high as 98% and 99% among their mothers.  Mattel has acquired a valuable reputation and goodwill among the public as a result of such association.

219.   In addition, in 1991 the U.S. Court of Appeals for the Second Circuit recognized that Barbie is the best-selling toy doll in the world,[10] and in 1998, now-Justice Sonia Sotomayor wrote that "by any measure – the world-known BARBIE is a 'famous' trademark under the Federal Anti-Dilution Act."[11]

220.   Plaintiff has gone to great lengths to protect its interests to the Barbie Products, Barbie Marks and Barbie Works.  No one other than Plaintiff and its authorized licensees and distributors is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Barbie Marks or Barbie Works without the express permission of Plaintiff.

### The Online Marketplace Platforms and Defendants' User Accounts

221.   Alibaba.com and AliExpress.com are online marketplace and e-commerce platforms which allow manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their wholesale and retail products originating from China directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

222.   As some of the leaders of China's e-commerce and digital retail market, Alibaba.com and AliExpress.com have generated hundreds of billions in sales worldwide.[12]

---

[10] *Miss America Organization v. Mattel, Inc.*, 945 F.2d 536, 537 (2d Cir. 1991).
[11] *Mattel, Inc. v. Jcom, Inc.*, 1998 U.S. Dist. LEXIS 16195, *9 (S.D.N.Y. Sep. 10, 1998).
[12] *See* Kenneth Rapoza, *Jack Ma's Alibaba Promises Huge Sales Boom, $910 Billion In Merchandise Volume By 2020*, FORBES (Jun. 15, 2016), http://www.forbes.com/sites/kenrapoza/2016/06/15/jack-ma-foretells-huge-sales-boom-for-chinese-e-commerce-giant-alibaba/#78d364486b52.

International markets, including the U.S., make up a significant percentage of sales made on Alibaba.com and AliExpress.com.  For example, in 2016, revenue from international retail sales grew by 25% on AliExpress.com to $342 million and 15% on Alibaba.com to $841 million.[13]  The press reported that the growth in sales on AliExpress.com resulted from an increase in the number of buyers, particularly from the U.S., as well as other large countries like Russia and Brazil.[14]  Additionally, according to *Business Insider*, excluding China, the U.S. was among the top five countries with packages coming from Alibaba's marketplaces on the company's "Singles' Day" (often compared to the U.S.'s Cyber Monday) in 2015, which resulted in over $14 billion in sales in one day.[15]

223.    As recently addressed in the *Wall Street Journal*, *Fortune* and the *New York Times*,[16] and as reflected in the federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on Alibaba.com and AliExpress.com com,[17] an astronomical

---

[13] *See* Frank Tong, *Alibaba's annual web sales easily surpass U.S. e-retail sales,* DIGITALCOMMERCE360.COM  (May 5, 2016), https://www.internetretailer.com/2016/05/05/alibabas-annual-web-sales-easily-surpass-us-e-retail-sales.

[14]  *See* Frank Tong, *An Alibaba site sells $4.5 billion in one year to consumers outside of China,* DIGITALCOMMERCE360.COM   (Sept. 11, 2014),   https://www.internetretailer.com/2014/09/11/alibaba-site-sells-45-billion-one-year-consumers-outs.

[15] *See* Bob Bryan, *Alibaba just proved it's more than just some Chinese company*, BUSINESS INSIDER (Nov. 15, 2015), http://www.businessinsider.com/alibaba-international-expansion-2015-11.

[16] *See* Kathy Chu, *Alibaba Vows Crackdown on Fakes Amid Trade Group Controversy*, WALL STREET JOURNAL (May 13,    2016),     http://www.wsj.com/articles/alibaba-vows-crackdown-on-fakes-amid-trade-group-controversy-1463127605?; Scott Cendrowski, *Chinese Regulator Again Calls Out Alibaba for Counterfeit Goods*, FORTUNE (Aug. 10, 2016), http://fortune.com/2016/08/11/alibaba-counterfeit-goods-regulator/; *see also* Kathy Chu, *Alibaba Suspends From Anticounterfeiting Group,* WALL STREET JOURNAL (May 13, 2016), http://www.wsj.com/articles/alibaba-suspended-from-anticounterfeiting-group-1463170527?tesla=y; Michael Schuman, *A Small Table Maker Takes On Alibaba's Flood of Fakes,* N.Y. TIMES (Mar. 18, 2017), https://www.nytimes.com/2017/03/18/business/alibaba-fake-merchandise-e-commerce.html.

[17] *See* Kathy Chu, *Luxury brands get tougher with counterfeiters – and Alibaba,* MARKETWATCH (Aug. 16, 2016), http://www.marketwatch.com/story/luxury-brands-get-tough-with-counterfeiters-2016-08-16-91031611;       Gilian Wong,   *Alibaba Sued Over Alleged Counterfeits*,   WALL STREET JOURNAL   (May 17,   2015), http://www.wsj.com/articles/alibaba-sued-over-alleged-counterfeits-1431877734; Scott Cendrowski, *There's no end in sight for Alibaba's counterfeit problem*, FORTUNE (May 18, 2015), http://fortune.com/2015/05/18/theres-no-end-in-sight-for-alibabas-counterfeit-problem/.

number of counterfeit and infringing products are offered for sale and sold on Alibaba.com and AliExpress.com, as well as other online marketplace platforms, at a rampant rate.

224.    Defendants are individuals and/or businesses, who, upon information and belief, are located in China but conduct business in the U.S. and other countries by means of their User Accounts and on their Merchant Storefronts on Alibaba.com and AliExpress.com, as well as potentially yet undiscovered additional online marketplace platforms.

225.    Through their Merchant Storefronts, Defendants offer for sale and/or sell consumer products, including Counterfeit Products, and target and ship such products to customers located in the U.S., including New York, and throughout the world.

226.    Defendants' Merchant Storefronts share unique identifiers, such as design elements along with similarities in price, description of the goods offered and of the Counterfeit Products themselves offered for sale.

227.    Defendants are in constant communication with each other and regularly participate in online chatroom discussions involving illegal counterfeiting activities, pending litigation and potential new lawsuits.

**Defendants' Wrongful and Infringing Conduct**

228.    Particularly in light of in light of Plaintiff's success with its Barbie Products, as well as the reputation it has gained, Plaintiff and its Barbie Products have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame that Plaintiff has amassed in its Barbie Products, Barbie Marks and the works embodied in the Barbie Works and Plaintiff investigates and enforces against such activities.

229.    As part of these efforts, Plaintiff retained New Alchemy Limited ("NAL"), a company that provides intellectual property infringement research services, to investigate and

research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling Counterfeit Products on online marketplace platforms such as Alibaba.com and AliExpress.com.

230.   Through NAL's investigative and enforcement efforts, Plaintiff learned of Defendants' actions which vary and include, but are not limited to: manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling products bearing or used in connection with the Barbie Marks and/or Barbie Works, and/or products in packaging and/or containing labels bearing the Barbie Marks and/or Barbie Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Barbie Marks and/or Barbie Works and/or products that are identical or confusingly or substantially similar to the Barbie Products (collectively referred to as, "Infringing Product(s)" or "Counterfeit Product(s)") to U.S. consumers, including those located in the state of New York, through Defendants' User Accounts and Merchant Storefronts.  Printouts of listings for Counterfeit Products from Defendants' User Accounts and Merchant Storefronts are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

231.   Defendants are not, and have never been, authorized by Plaintiff or any of its authorized agents, authorized licensees or authorized distributors to copy, manufacture, import, export, advertise, distribute, offer for sale or sell the Barbie Products or to use the Barbie Marks and Barbie Works, or any marks or artwork that are confusingly or substantially similar to the Barbie Marks or Barbie Works.

232.   Defendants' Counterfeit Products are nearly indistinguishable from Plaintiff's Barbie Products, only with minor variations that no ordinary consumer would recognize.

233.    During its investigation, NAL identified Defendants as offering for sale and/or selling Counterfeit Products and contacted Defendants through their respective User Accounts expressing interest in placing a bulk order for Counterfeit Products and inquiring about methods of payment.  NAL also often requested the respective Defendant's e-mail addresses.  Printouts of NAL's conversations with each of the Defendants are included in **Exhibit C** attached hereto and incorporated herein by reference**.**

234.    NAL confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective User Accounts and/or Merchant Storefronts, accepting payment for such Counterfeit Products in U.S. Dollars through various payment processing services and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.  NAL's findings are supported by Defendants' listings for Counterfeit Products, their communications with NAL and/or the checkout pages, order forms and/or pro forma invoices for the Counterfeit Products which are included in **Exhibit C** attached hereto and incorporated herein by reference.

235.    For example, below on the left is an image of one of Plaintiff's Barbie Products, which typically retails for $18.95.  Depicted below on the right is a listing for Defendant BooksBag's Counterfeit Product ("BooksBag Infringing Listing" and "BookaBag Counterfeit Product," respectively).  The BooksBag Infringing Listing appears on Defendant BooksBag's Merchant Storefront, https://www.aliexpress.com/item/children-cartoon-primary-school-bag-books-backpack-for-girls-grade-class-1-3/1642588021.html, and offers the BooksBag Counterfeit Product for $27.00 per item, using, featuring and/or incorporating one or more of the Barbie Marks, the Barbie Works, and/or confusingly or substantially similar marks or artwork in the listing title "**Barbie** children/kids cartoon primary school/books/student bag shoulder bag backpack for girls

grade/class 1-3 light" (emphasis added) and in the descriptions and/or product images in the body

of the listing.  Further, the BooksBag Counterfeit Product is virtually identical to one of Plaintiff's

Barbie Products and features and/or incorporates one or more of the Barbie Works and Barbie

Marks.  There is no question that the BooksBag Counterfeit Product is designed to confuse and

mislead consumers into believing that they are purchasing one of Plaintiff's Barbie Products or

that the BooksBag Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby

trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the

Barbie Works and Barbie Marks:

| **Barbie Product** | **BooksBag Counterfeit Product** |
|:---:|:---:|

 

236.    A screenshot from the BooksBag Infringing Listing, depicted below, confirms

Defendant BooksBag accepts payment in U.S. Dollars and offers shipping to the United States,

which NAL has confirmed:



237.   By way of another example, below on the left is an image of one of Plaintiff's Barbie Products, which typically retails for $14.99.  Depicted below on the right is a listing for Defendant KK maple Store's Counterfeit Product ("KK maple Store Infringing Listing" and "KK maple Store Counterfeit Product," respectively).  KK maple Store Infringing Listing appears on Defendant b2b_baby's Merchant Storefront, https://www.aliexpress.com/item/fashion-silicone-3D-Cartoonl-Princess-Barbie-kids-Watch-Children-Kids-Girls-Boys-Students-Quartz-Wristwatches-relogio/32859507777.html, and offers the KK maple Store Counterfeit Product for $1.97 per item, using, featuring and/or incorporating one or more of the Barbie Marks, the Barbie Works, and/or confusingly or substantially similar marks or artwork in the listing title "fashion silicone 3D Cartoonl Princess **Barbie** kids watch Children Kids Girls Boys Students Quartz Wristwatches relogio gift" (emphasis added) and in the descriptions and/or product images in the body of the listing.  Further, the KK maple Store Counterfeit Product is virtually identical to one of Plaintiff's Barbie Products and features and/or incorporates one or more of the Barbie Works and Barbie Marks.  There is no question that the KK maple Store Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Barbie Products or that the KK maple Store Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Barbie Works and Barbie Marks:

| **Barbie Product** | **KK maple Store Counterfeit Product** |
| --- | --- |




238.    NAL has confirmed that Defendant KK maple Store offers shipping to New York, and a screenshot from the KK maple Store Infringing Listing, depicted below, confirms that Defendant KK maple Store has sold products to the U.S.:



239.    As another example, below on the left is an image of one of Plaintiff's Barbie Products, which typically retails for $20.00 Depicted below on the right is a listing for Defendant Shenzhen HZ 3C GroupS co., Store's Counterfeit Product ("Shenzhen HZ 3C GroupS co., Store Infringing Listing" and "Shenzhen HZ 3C GroupS co., Store Counterfeit Product," respectively). The Shenzhen HZ 3C GroupS co., Store Infringing Listing appears on Defendant Shenzhen HZ 3C GroupS co., Store's Merchant Storefront, https://www.aliexpress.com/item/Sweet-Relief-Cases-for-iphone-7-7plus-Barbie-Coque-Soft-Clear-TPU-Cover-fundas-for-iphone/32812657260.html, and offers the Shenzhen HZ 3C GroupS co., Store Counterfeit Product for $1.82 - $2.07 per item, using, featuring and/or incorporating one or more of the Barbie Marks, the Barbie Works, and/or confusingly or substantially similar marks or artwork in the listing title "Sweet Relief Cases for iphone X For **Barbie** Coque Soft Clear TPU Cover fundas for iphone SE 5 5S 6 6s plus 7 7Plus 8 8Plus" (emphasis added) and in the descriptions and/or product images in

the body of the listing.  Further, the Shenzhen HZ 3C GroupS co., Store Counterfeit Product is virtually identical to one of Plaintiff's Barbie Products and features and/or incorporates one or more of the Barbie Works and Barbie Marks.  There is no question that the Shenzhen HZ 3C GroupS co., Store Counterfeit Product is designed to confuse and mislead consumers into believing that they are purchasing one of Plaintiff's Barbie Products or that the Shenzhen HZ 3C GroupS co., Store Counterfeit Product is otherwise approved by or sourced from Plaintiff, thereby trading off of the goodwill and reputation of Plaintiff by engaging in the unauthorized use of the Barbie Works and Barbie Marks:

| **Barbie Product** | **Shenzhen HZ 3C GroupS co., Store Counterfeit Product** |
|:---:|:---:|
|  |  |

240.    NAL has confirmed that Defendant Shenzhen HZ 3C GroupS co., Store offers shipping to New York, and a screenshot from the Shenzhen HZ 3C GroupS co., Store Infringing Listing, depicted below, confirms that Defendant Shenzhen HZ 3C GroupS co., Store has sold products to the U.S.:



241.    By these dealings in Counterfeit Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products), Defendants violated Plaintiff's exclusive rights in the Barbie Marks and Barbie Works, and have used marks, images and artwork that are confusingly and/or substantially similar to, identical to and/or constitute counterfeiting and/or infringement of the Barbie Marks and Barbie Works in order to confuse consumers into believing that such Counterfeit Products are Barbie Products and aid in the promotion and sales of their Counterfeit Products.  Defendants' conduct began long after Plaintiff's adoption and use of the Barbie Marks and Barbie Works, after Plaintiff obtained the federal registrations in the Barbie Marks and Barbie Works, as alleged above, and after Plaintiff's Barbie Products, Barbie Marks and Barbie Works became well-known to the purchasing public.

242.    Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the Barbie Marks and Barbie

Works, of the fame and incalculable goodwill associated therewith and of the popularity and success of the Barbie Products, and in bad faith adopted the Barbie Marks and Barbie Works.

243.    Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff, the Barbie Marks, Barbie Works and Barbie Products.

244.    Defendants' dealings in Counterfeit Products, as alleged herein, has caused, and will continue to cause confusion, mistake, economic loss, and have deceived and will continue to deceive consumers, the public and the trade with respect to the source or origin of Defendants' Counterfeit Products, thereby causing consumers to erroneously believe that such Counterfeit Products are licensed by or otherwise associated with Plaintiff, thereby damaging Plaintiff.

245.    In engaging in these actions, Defendants have, jointly and severally, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed and counterfeited the Barbie Marks, infringed the Barbie Works, committed unfair competition and unfairly and unjustly profited from such activities at Plaintiff's expense.

246.    Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34 and 35 of the Lanham Act,
15 U.S.C. §§ 1114(1)(b), 1116(d) and 1117(b)-(c)))**

247.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

248.    Plaintiff is the exclusive owner of all right and title to the Barbie Marks.

249.    Plaintiff has continuously used the Barbie Marks in interstate commerce since on or before the date of first use as reflected in the registration certificates attached hereto as **Exhibit A**.

250.    Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in its Barbie Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied and/or colorably imitated the Barbie Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Barbie Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

251.    Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold their Counterfeit Products to the purchasing public in direct competition with Plaintiff, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Barbie Marks through their participation in such activities.

252.    Defendants have applied their reproductions, counterfeits, copies and colorable imitations of the Barbie Marks to packaging, point-of-purchase materials, promotions and/or advertisements intended to be used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with or are otherwise authorized by

Plaintiff, thereby making substantial profits and gains to which they are not entitled in law or equity.

253.    Defendants' unauthorized use of the Barbie Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiff or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Barbie Marks.

254.    Defendants' actions constitute willful counterfeiting of the Barbie Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c).

255.    As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, its reputation and its valuable rights in and to the Barbie Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its valuable Barbie Marks.

256.    Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale or distributed and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Infringement of Registered Trademark)**
**[115 U.S.C. § 1114/Lanham Act § 32(a)]**

257.   Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

258.   Plaintiff has continuously used the Barbie Marks in interstate commerce since on or before the date of first use as reflected in the registration certificate attached hereto as **Exhibit B**.

259.   Plaintiff, as owner of all right, title and interest in and to the Barbie Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

260.   Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff is the owner of the federal trademark registration for the Barbie Marks.

261.   Defendants did not seek and thus inherently failed to obtain consent or authorization from Plaintiff, as the registered trademark owner of the Barbie Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale and/or sell Barbie Products and/or related products bearing the Barbie Marks into the stream of commerce.

262.   Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold Counterfeit Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Barbie Marks and/or which are identical or confusingly similar to the Barbie Marks.

263.   Defendants knowingly and intentionally reproduced, copied and colorably imitated the Barbie Marks and applied such reproductions, copies or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting,

distributing, displaying, offering for sale and/or sale of Defendants' Counterfeit Products.

264.    Defendants were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that Plaintiff is the owner of all rights in and to the Barbie Marks.

265.    Defendants' egregious and intentional use of the Barbie Marks in commerce on or in connection with Defendants' Counterfeit Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Counterfeit Products, and is likely to deceive the public into believing that Defendants' Counterfeit Products are Plaintiff's Barbie Products or are otherwise associated with, or authorized by, Plaintiff.

266.    Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Barbie Marks, as well as with bad faith and the intent to cause confusion, mistake and deception.

267.    Defendants' continued, knowing, and intentional use of the Barbie Marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Barbie Marks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

268.    As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Barbie Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and the valuable Barbie Marks.

269.    Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive

relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**(False Designation of Origin, Passing Off & Unfair Competition)**
**[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]**

270.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

271.    Plaintiff, as the owner of all right, title and interest in and to the Barbie Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

272.    The Barbie Marks is inherently distinctive and/or has acquired distinctiveness.

273.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of the Barbie Marks and Barbie Works and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Counterfeit Products are Barbie Products or related products, and/or that Defendants' Counterfeit Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of such Counterfeit Products, and allowing Defendants to capitalize on

the goodwill associated with, and the consumer recognition of, the Barbie Marks and Barbie Works, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

274.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products that are identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's Barbie Products using marks and/or artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of the Barbie Marks and Barbie Works, Defendants have traded off the extensive goodwill of Plaintiff and its Barbie Products and did in fact induce, and intend to, and will continue to induce customers to purchase Defendants' Counterfeit Products, thereby directly and unfairly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff and its Barbie Marks, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

275.    Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the Barbie Marks and Barbie Works would cause confusion, mistake or deception among purchasers, users and the public.

276.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation Plaintiff, its Barbie Products, Barbie Marks and Barbie Works.

277.    As a direct and proximate result of Defendants' aforementioned actions,

Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of sales of its Barbie Products and by depriving Plaintiff of the value of its Barbie Marks and Barbie Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Barbie Marks and Barbie Works.

278.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

279.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

280.    Plaintiff is the exclusive owner of the Barbie Works.

281.    Defendants had actual notice of Plaintiff's exclusive rights in and to the Barbie Works.

282.    Defendants did not attempt and therefore inherently failed to obtain Plaintiff's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform and/or market Plaintiff's Barbie Products and/or Barbie Works.

283.    Without permission, Defendants knowingly and intentionally reproduced, copied,

and displayed the Barbie Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Infringing Products which bear such Barbie Works, or artwork that is, at a minimum, substantially similar to the Barbie Works.

284.    Defendants' unlawful and willful actions as alleged herein constitute infringement of the Barbie Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such Barbie Works in violation of 17 U.S.C. § 501(a).

285.    Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Plaintiff in an amount as yet unknown but to be proven at trial, for which Plaintiff has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to Plaintiff.

286.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, Plaintiff's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**(Violation of Deceptive Acts and Practices Unlawful)**
**[N.Y. Gen. Bus. Law § 349]**

287.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

288.    Through Defendants' unlawful, unauthorized and unlicensed use of the Barbie Works and/or Barbie Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Barbie Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

289.    Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially mislead or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

290.    As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

291.    Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (False Advertising Unlawful)
### [N.Y. Gen. Bus. Law § 350]

292.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

293.    Without the authorization of Plaintiff, Defendants have used the Barbie Marks and/or Barbie Works and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to the Barbie Marks and/or Barbie Works in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products which are identical and/or confusingly or substantially similar to Plaintiff's Barbie Products, causing confusion, mistake and deceiving consumers and the public as to the source, origin, sponsorship or quality of Defendants' Counterfeit Products.

294.    Defendants' aforementioned willful and intentional conduct constitutes false

advertising in the conduct of any business, trade or commerce and has injured and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 350.

295.    As a result of Defendants' actions alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law.

296.    Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiff is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

297.    Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

298.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and its Barbie Products to induce, and did induce and intend and will continue to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its nationwide marketing, advertising, sales and consumer recognition.

299.    Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants'

Counterfeit Products.

300.   Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

301.   Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff, and its competitive position while benefiting Defendants.

302.   As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its Barbie Products in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of its Barbie Marks and Barbie Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

303.   As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

**EIGHTH CAUSE OF ACTION**
**(Unjust Enrichment)**
**[New York Common Law]**

304.   Plaintiff repleads and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

305.   By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

306.   Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, inclusive, and each of them, as follows:

A.   For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a)(3) and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B.   In the alternative to Defendants' profits and Plaintiff's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c)  in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale or distributed, as the Court considers just, which Plaintiff may elect prior to the rendering of final judgment;

C.   For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for willful trademark infringement of Plaintiff's federally registered Barbie Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant

to 15 U.S.C. § 1117(a);

D.    For an award of Defendants' profits and Plaintiff's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.    For an award of Plaintiff's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Barbie Works under 17 U.S.C. § 501(a);

F.    In the alternative to Plaintiff's actual damages and Defendants' profits for copyright infringement of the Barbie Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to the rendering of final judgment;

G.    For an award of damages in an amount to be proven at trial for deceptive acts and practices unlawful pursuant to N.Y. Gen. Bus. Law § 349(h);

H.    For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law § 350(e);

I.    For an award of damages to be proven at trial for common law unfair competition;

J.    For an award of damages in an amount to be proven at trial for unjust enrichment;

K.    For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

i.          manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing and/or Counterfeit Products;

ii.          directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Barbie Marks or Barbie Works;

iii.          using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Barbie Marks and Barbie Works to identify any goods or services not authorized by Plaintiff;

iv.          using any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation, the Barbie Marks or Barbie Works, or any other marks or artwork that are confusingly or substantially similar to the Barbie Marks or Barbie Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

v.          using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

vi.         engaging in the unlawful, unfair or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Counterfeit Products;

vii.         engaging in any other actions that constitute unfair competition with Plaintiff;

viii.         engaging in any other act in derogation of Plaintiff's rights;

ix.         secreting, destroying, altering, removing, or otherwise dealing with the Counterfeit Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

x.         from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' User Accounts or Merchant Storefronts, any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) ("Defendants' Assets") from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefronts (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts"), and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

xi.         from secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' Assets from or Defendants' Financial Accounts until further ordered by this Court;

xii.         effecting assignments or transfers, forming new entities or associations, or

utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

xiii.        providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

xiv.        instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (xiii) above; and

L.        For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to Plaintiff for destruction any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Barbie Marks or Barbie Works, or bear any marks that are confusingly or substantially similar to the Barbie Marks or Barbie Works;

M.        For an order of the Court requiring that Defendants deliver up for destruction to Plaintiff any and all Infringing and/or Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Barbie Marks or Barbie Works, or bear any marks that are confusingly or substantially similar to the Barbie Marks or Barbie Works pursuant to 15 U.S.C. § 1118;

N.        For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their

manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing and/or Counterfeit Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to Plaintiff;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For Plaintiff's reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Dated: December 13, 2018

Respectfully submitted,

EPSTEIN DRANGEL LLP

BY: _____

Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Mary Kate Brennan (MB 5595)
mbrennan@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

# EXHIBIT A

# United States Patent Office

**689,055**
Registered Dec. 1, 1959

## PRINCIPAL REGISTER
### Trademark

Ser. No. 55,200, filed July 2, 1958

## BARBIE

Mattel, Incorporated (California corporation)
5432 W. 102nd St.
Los Angeles 45, Calif.

For: DOLL, in CLASS 22.
First use May 9, 1958; in commerce May 9, 1958.

# United States Patent Office

**741,208**
Registered Nov. 27, 1962

## PRINCIPAL REGISTER
### Trademark

Ser. No. 106,619, filed Oct. 18, 1960

# BARBIE

Mattel, Inc. (California corporation)
5150 Rosecrans Ave.
Hawthorne, Calif.

For: ACCESSORIES FOR DOLL CLOTHES, in CLASS 22.
First use Sept. 2, 1960; in commerce Sept. 2, 1960.
Owner of Reg. No. 689,055.

# United States Patent Office

**768,397**
Registered Apr. 21, 1964

## PRINCIPAL REGISTER
### Trademark

Ser. No. 166,825, filed Apr. 16, 1963

# BARBIE

Mattel, Inc. (California corporation)
5150 Rosecrans Ave.
Hawthorne, Calif.

For: DOLL CLOTHES AND DOLL ACCESSORIES, in CLASS 22.
First use on or about Apr. 17, 1959; in commerce on or about Apr. 17, 1959.
Owner of Reg. Nos. 689,055, 728,811, and 741,208.

# United States Patent Office

**810,106**
Registered June 21, 1966

## PRINCIPAL REGISTER
Trademark

Ser. No. 210,579, filed Jan. 25, 1965

## BARBIE

Mattel, Inc. (California corporation)
5150 Rosecrans Ave.
Hawthorne, Calif.

For: TOY FURNITURE SPECIFICALLY BED, WARDROBE, CHIFFOROBE, VANITY, AND CHEST, in CLASS 22.

First use on or about Apr. 1, 1961; in commerce on or about Apr. 1, 1961.

P. H. MOORE, *Examiner*.

# United States Patent Office

**814,995**
Registered Sept. 13, 1966

## PRINCIPAL REGISTER
### Trademark

Ser. No. 209,525, filed Jan. 7, 1965

# BARBIE

Mattel, Inc. (California corporation)
5150 Rosecrans Ave.
Hawthorne, Calif.

For: SERIES OF BOOKS—NAMELY, AUTOGRAPH BOOKS, DIARIES, NOTEBOOKS, AND SCRAP-BOOKS—in CLASS 37.

For: SERIES OF BOOKS AND PRINTED ARTI-CLES — NAMELY, DICTIONARIES, STORYBOOKS, COLORING BOOKS, ACTIVITY BOOKS, PAINTING BOOKS, NOVELTY AND TOY BOOKS, PRINTED CUT-OUTS, PRINTED PUNCH-OUTS AND PRINTED PUZZLES—in CLASS 38.

First use January 1962; in commerce January 1962.

K. I. HANCOCK, *Examiner.*

Int. Cl.: 28

Prior U.S. Cl.: 22

**United States Patent and Trademark Office**

Reg. No. 1,300,766
Registered Oct. 16, 1984

## TRADEMARK
### Principal Register

## BARBIE

Mattel, Inc. (Delaware corporation)
5150 Rosecrans Ave.
Hawthorne, Calif. 90250

For: TOY VEHICLES, in CLASS 28 (U.S. Cl. 22).

First use Aug. 18, 1983; in commerce Aug. 18, 1983.

Owner of U.S. Reg. Nos. 689,055, 741,208 and others.

Ser. No. 455,560, filed Dec. 5, 1983.

W. A. CONN, Examining Attorney

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,693,139

Registered June 9, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
5150 ROSECRANS AVENUE
HAWTHORNE, CA 90250

FOR: JACKETS, SWEATSHIRTS, T-SHIRTS, JEANS, SKIRTS, IN CLASS 25 (U.S. CL. 39).

FIRST USE 4-1-1990; IN COMMERCE 4-1-1990.
OWNER OF U.S. REG. NO. 1,000,125.

SN 74-080,723, FILED 7-23-1990.

KAREN K. BUSH, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cl.: 22

Reg. No. 1,746,477

## United States Patent and Trademark Office     Registered Jan. 12, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
5150 ROSECRANS AVENUE
HAWTHORNE, CA 90250

FOR: PLAYSET; NAMELY, DOLL FURNI-TURE, DOLL FURNITURE ACCESSORIES, AND FOOD MAKING ACCESSORIES, IN CLASS 28 (U.S. CL. 22).

FIRST USE 6–25–1990; IN COMMERCE 6–25–1990.
OWNER OF U.S. REG. NOS. 689,055, 768,397, AND OTHERS.

SN 74–071,486, FILED 6–21–1990.

KAREN K. BUSH, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,754,535
Registered Feb. 23, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: DRESSES, SHORTS, T-SHIRTS, BLOUSES, SKIRTS, PANTS, LEGGINGS, LEGGINGS WITH SKIRTS ATTACHED, IN CLASS 25 (U.S. CL. 39).

FIRST USE 10–1–1990; IN COMMERCE 10–1–1990.

OWNER OF U.S. REG. NO. 1,000,125.

SN 74–081,199, FILED 7–23–1990.

KAREN K. BUSH, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 37, 38, and 51

Reg. No. 1,769,285

## United States Patent and Trademark Office     Registered May 4, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: FACIAL TISSUES AND STICKERS FOR FINGERNAILS, IN CLASS 16 (U.S. CLS. 37, 38 AND 51).

FIRST USE 1–9–1992; IN COMMERCE 1–9–1992.

OWNER OF U.S. REG. NOS. 689,055, 772,298, AND OTHERS.

SN 74–151,233, FILED 3–25–1991.

DAVID C. REIHNER, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cl.: 28

## United States Patent and Trademark Office

Reg. No. 1,773,571

Registered May 25, 1993

## TRADEMARK
### PRINCIPAL REGISTER

# BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

    FOR: JEWELRY; NAMELY, EARRINGS, BRACELETS, NECKLACES, CHARMS, IN CLASS 14 (U.S. CL. 28).
    FIRST USE 1–1–1991; IN COMMERCE 1–1–1991.

OWNER OF U.S. REG. NOS. 689,055, 772,298, AND OTHERS.

SN 74–151,237, FILED 3–25–1991.

DAVID C. REIHNER, EXAMINING ATTOR-NEY

**Int. Cls.: 3 and 21**

**Prior U.S. Cls.: 4, 40, 44, and 51**

Reg. No. 1,775,637

**United States Patent and Trademark Office**   Registered June 8, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: COSMETICS FOR USE BY LITTLE GIRLS; NAMELY, EYESHADOW, LIPSTICK, LIP GLOSS, PERFUME, COLOGNE, NAIL POLISH, BLUSH, EMERY BOARDS, AND COSMETIC SPONGES, IN CLASS 3 (U.S. CLS. 4, 44 AND 51).

FIRST USE 1–9–1992; IN COMMERCE 1–9–1992.

FOR: POWDER PUFFS, AND ACCESSORIES THEREFOR, IN CLASS 21 (U.S. CL. 40).

FIRST USE 1–9–1992; IN COMMERCE 1–9–1992.

OWNER OF U.S. REG. NOS. 689,055, 1,300,766, AND OTHERS.

SN 74–151,028, FILED 3–25–1991.

DAVID C. REIHNER, EXAMINING ATTORNEY

Int. Cl.: 18

Prior U.S. Cls.: 2 and 3

Reg. No. 1,795,876

## United States Patent and Trademark Office    Registered Sep. 28, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

    FOR: PURSES AND COSMETIC CASES, IN CLASS 18 (U.S. CLS. 2 AND 3).
    FIRST USE 4–1–1991; IN COMMERCE 4–1–1991.

OWNER OF U.S. REG. NOS. 689,055, 772,298, AND OTHERS.

    SN 74–150,902, FILED 3–25–1991.

DAVID C. REIHNER, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 2,040,801

Registered Feb. 25, 1997

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4–0–1990; IN COMMERCE 4–0–1990.

OWNER OF U.S. REG. NOS. 1,000,125, 1,754,535 AND OTHERS.

SER. NO. 75–121,488, FILED 6–11–1996.

DEBORAH LOBO, EXAMINING ATTORNEY

Int. Cls.: 21 and 26

Prior U.S. Cls.: 2, 13, 23, 29, 30, 33, 37, 39, 40, 42,
and 50

Reg. No. 2,203,306

**United States Patent and Trademark Office**    Registered Nov. 10, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

    FOR: HAIR BRUSHES, HAIR COMBS AND
NAIL BRUSHES, IN CLASS 21 (U.S. CLS. 2, 13,
23, 29, 30, 33, 40 AND 50).
    FIRST USE 6-1-1962; IN COMMERCE
6-1-1962.
    FOR: HAIR BANDS AND HAIR RIBBONS, IN
CLASS 26 (U.S. CLS. 37, 39, 40, 42 AND 50).

    FIRST USE 11-26-1991; IN COMMERCE
11-26-1991.
    OWNER OF U.S. REG. NOS. 689,055, 741,208,
AND OTHERS.

    SN 75-287,044, FILED 5-6-1997.

IRENE D. WILLIAMS, EXAMINING ATTOR-
NEY

**Int. Cl.: 28**

**Prior U.S. Cls.: 22, 23, 38, and 50**

**United States Patent and Trademark Office**

**Reg. No. 3,287,023**

Registered Aug. 28, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# BARBIE

MATTEL, INC. (DELAWARE CORPORATION)
M1-1518
333 CONTINENTAL BLVD.
EL SEGUNDO, CA 902455012

FOR: FULL LINE OF DOLLS, DOLL CLOTHING AND DOLL ACCESSORIES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 0-0-1960; IN COMMERCE 0-0-1960.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 689,055, 2,837,174, AND OTHERS.

SN 78-739,456, FILED 10-24-2005.

JIM RINGLE, EXAMINING ATTORNEY

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

**Reg. No. 2,087,842**

## United States Patent and Trademark Office

Registered Aug. 12, 1997

### TRADEMARK
#### PRINCIPAL REGISTER



MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: DOLL, DOLL CLOTHING AND DOLL ACCESSORIES, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 4–20–1995; IN COMMERCE 4–20–1995.
OWNER OF U.S. REG. NOS. 689,055 AND 741,208.

SER. NO. 75–179,870, FILED 10–9–1996.

0IMBERLY PERRY, EXAMINING ATTORNEY

Int. Cls.: 25 and 28

Prior U.S. Cls.: 22, 23, 38, 39, and 50

## United States Patent and Trademark Office

Reg. No. 2,639,971
Registered Oct. 22, 2002

## TRADEMARK
### PRINCIPAL REGISTER



MATTEL, INC. (DELAWARE CORPORATION)
333 CONTINENTAL BOULEVARD
EL SEGUNDO, CA 902455012

FOR: AFTER SKI BOOTS, ANORAKS, ATHLETIC UNIFORMS, BANDANNAS, JACKETS, SWEAT-SHIRTS, SWEAT PANTS, T-SHIRTS, JEANS, SKIRTS, HALLOWEEN COSTUMES AND MASKS; DRESSES, SHORTS, BLOUSES, PANTS, LEGGINGS WITH SKIRT ATTACHED; SHOES, BATHING SUITS, BATHROBES, BEACH COVER-UPS, BELTS, BE-RETS, BOOTS, CARDIGANS, COATS, RAIN COATS, GLOVES, NIGHT GOWNS, HATS, HEAD BANDS, HEADWEAR, HOSIERY, JUMPERS, KNEE HIGHS, LEOTARDS, MITTENS, NECKTIES, NIGHT SHIRTS, OVERALLS, PAJAMAS, PANTIES, PANTYHOSE, SANDALS, SCARVES, SHIRTS, SLIPPERS, SLIPS, SOCKS, STOCKINGS, SUSPENDERS, SWEATERS, TANK TOPS, THERMAL UNDERWEAR, TIGHTS, TURTLENECKS, UNDERWEAR, VESTS, CAPS, SKORTS, BLANKET SLEEPERS, EARMUFFS, SWIMSUITS, SWIMSUIT COVER UPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-12-2002; IN COMMERCE 5-12-2002.

FOR: DOLLS, DOLL CLOTHING, DOLL ACCES-SORIES, DOLL HOUSES AND DOLL FURNITURE, BOARD GAMES, CARD GAMES, ROLE PLAYING GAMES, CHILDREN'S PLAY COSMETICS, SWIM MASKS, ELBOW, WRIST AND KNEE PADS FOR ATHLETIC USE, SWIM FINS, HAND HELD UNITS FOR PLAYING ELECTRONIC GAMES, SWIM GOG-GLES, JUMP ROPES, INFLATABLE SWIMMING POOLS, RIDE-ON TOYS, ICE SKATES, ROLLER SKATES, INLINE SKATES, YO-YOS, FLYING DISCS, BALLOONS, PLASTIC BALLS, BEACH BALLS, TOYS CANDY DISPENSERS, CARD GAMES, CASES FOR PLAY ACCESSORIES, TOY VEHICLES, HIGH BOUNCE BALLS, KITES, COS-TUME MASKS, JIGSAW PUZZLES, REMOTE CON-TROLLED VEHICLES, THREE-DIMENSIONAL PUZZLES, TOY BANKS, PLUSH TOYS, CHRISTMAS TREE ORNAMENTS, WATER SQUIRTING TOYS, CRAFT KITS COMPRISED OF BEADS, TOY JEW-ELRY MAKING KITS, SWIMMING AIDS, NAMELY, POOL RINGS AND ARM FLOATS FOR RECREA-TIONAL USE, TOY SNOW GLOBES, AND TOY TOILETRY SETS , IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 7-13-2000; IN COMMERCE 7-13-2000.

OWNER OF U.S. REG. NOS. 689,055, 741,208, AND OTHERS.

THE DRAWING OF THE MARK IS LINED FOR THE COLOR PINK.

SN 75-516,465, FILED 7-9-1998.

MARY CRAWFORD, EXAMINING ATTORNEY

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 945-179**

EFFECTIVE DATE OF REGISTRATION

April 1 1999
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼
CEO BARBIE
98-20548

NATURE OF THIS WORK ▼ See instructions
doll head

PREVIOUS OR ALTERNATIVE TITLES ▼
Smiling Mackie

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

NAME OF AUTHOR ▼
a   Mattel, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
Domiciled in ▶   U.S.A.

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). **See instructions**
☒ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

NAME OF AUTHOR ▼
b

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**

a   Year in Which Creation of This Work Was Completed   1998
◀ Year   This information must be given In all cases.

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ▶ February   Day ▶ 8   Year ▶ 1999
U.S.A. ◀ Nation

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Mattel, Inc.
333 Continental Boulevard
El Segundo, CA 90245-5012

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
APR 01 1999
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
APR 01 1999
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | | FORM VA |
| --- | --- | --- |
| CHECKED BY | | |

CORRESPONDENCE
☒ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☒ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☒ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼**   **Year of Registration ▼**

VA 828-218         1996

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

Neptune's Daughter BARBIE doll head sculpture

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Adaptation of design and additional artistic work

See instructions
before completing
this space.

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name ▼**                                    **Account Number ▼**

Mattel, Inc.                          DA037842

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Sonia R. Jolicoeur
Mattel, Inc., Law Dept., M.S. M1-1518
333 Continental Boulevard
El Segundo, CA 90245-5012

Area code and daytime telephone number ▶  310 252-2716        Fax number ▶  310 252-3861

Email ▶  jolicoes@mattel.com

**7**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   Mattel, Inc.
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date ▼** If this application gives a date of publication in space 3, do not sign and submit it before that date.

Sonia R. Jolicoeur                                Date ▶  3/30/99

Handwritten signature (X) ▼

☞ X  Sonia R. Jolicoeur

**8**

**Mail certificate to:**

| Name ▼ |
| --- |
| Mattel, Inc., Law Dept., M.S. M1-1518 |
| Number/Street/Apt ▼ |
| 333 Continental Boulevard |
| City/State/ZIP ▼ |
| El Segundo, CA 90245-5012 |

**Certificate will be mailed in window envelope**

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

April 1997—300,000
WEB REV: July 1998          ✪ PRINTED ON RECYCLED PAPER          ✪U.S. GOVERNMENT PRINTING OFFICE: 1997-417-750/40,036

COPY/Copies Lost by C.O. after registration. Replacement copy designated by applicant. See ___ correspondence file

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-694-866**

**Effective date of registration:**

July 13, 2009

## Title

**Title of Work:** THE FABULOUS LIFE OF BARBIE - BARBIE SPRING/SUMMER 2010

## Completion/ Publication

**Year of Completion:** 2009

**Date of 1st Publication:** February 4, 2009   **Nation of 1st Publication:** United States

## Author

**Author:** Mattel, Inc.

**Author Created:** Text/poetry, Compilation, 2-dimensional artwork, Photography

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, California, 90245, United States

## Rights and Permissions

**Organization Name:** Mattel, Inc.

**Address:** 333 Continental Blvd.

El Segundo, California 90245  United States

## Certification

**Name:** Lynn A. Whelan

**Date:** July 7, 2009

**Registration #:**   VA0001694866

**Service Request #:**   1-235820144

Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, California 90245  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-698-616

**Effective date of
registration:**

January 12, 2010

## Title

**Title of Work:** The Fabulous Life of Barbie - Barbie Fall/Winter 2010 Style Guide

## Completion/ Publication

**Year of Completion:** 2009

**Date of 1st Publication:** August 1, 2009     **Nation of 1st Publication:** United States

## Author

**Author:** Mattel, Inc.

**Author Created:** text, photograph(s), 2-D artwork, Compilation

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Certification

**Name:** Lynn A. Whelan

**Date:** January 12, 2010

**Registration #:**   VA0001698616

**Service Request #:**   1-309909920

Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245   United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-843-492

**Effective date of registration:**

January 22, 2013

---

## Title

**Title of Work:** Barbie A Fashion Fairytale Fall 2010 Entertainment Style Guide

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** September 1, 2009    **Nation of 1st Publication:** United States

## Author

- **Author:** Mattel, Inc.

  **Author Created:** text, 2-D artwork

  **Work made for hire:** Yes

  **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**New material included in claim:** text, 2-D artwork

## Certification

**Name:** Lynn A. Whelan

**Date:** January 22, 2013

---

**Correspondence:** Yes

**Registration #:**   VA0001843492
**Service Request #:**   1-881110024



Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245  United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-843-508**

**Effective date of
registration:**

January 22, 2013

## Title

**Title of Work:** The Fabulous Life of Barbie Style Guide 2011

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** February 1, 2010    **Nation of 1st Publication:** United States

## Author

- **Author:** Mattel, Inc.

  **Author Created:** text, photograph(s), 2-D artwork

  **Work made for hire:** Yes

  **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Material excluded from this claim:** photograph(s), 2-D artwork

**New material included in claim:** text, photograph(s), 2-D artwork

## Certification

**Name:** Lynn A. Whelan

**Date:** January 22, 2013

**Correspondence:** Yes

**Registration #:**   VA0001843508
**Service Request #:**   1-881110002



Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-849-097**

**Effective date of
registration:**

January 29, 2013

## Title

**Title of Work:** Barbie 2013 Style Guide

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** January 11, 2012     **Nation of 1st Publication:** United States

## Author

**Author:** Mattel, Inc.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**New material included in claim:** text, photograph(s), 2-D artwork

## Certification

**Name:** Lynn A. Whelan

**Date:** January 29, 2013

**Correspondence:** Yes

**Registration #:**  VA0001849097
**Service Request #:**  1-882755836

Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245  United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-849-098

**Effective date of
registration:**

January 29, 2013

---

## Title

**Title of Work:** Barbie 2012 Style Guide

## Completion/Publication

**Year of Completion:** 2011

**Date of 1st Publication:** January 31, 2011   **Nation of 1st Publication:** United States

## Author

■ **Author:** Mattel, Inc.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**New material included in claim:** text, photograph(s), 2-D artwork

## Certification

**Name:** Lynn A. Whelan

**Date:** January 29, 2013

---

**Correspondence:** Yes

**Registration #:**  VA0001849098
**Service Request #:**  1-882755704



Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-884-053

**Effective date of
registration:**

December 12, 2013

## Title

**Title of Work:** Barbie Silhouette Head

## Completion/Publication

**Year of Completion:** 2001

**Date of 1st Publication:** February 10, 2002     **Nation of 1st Publication:** United States

## Author

- **Author:** Mattel, Inc.

  **Author Created:** 2-D artwork

  **Work made for hire:** Yes

  **Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork, Prior versions of this drawing

**Previous registration and year:** VAu 491-423     2000

**New material included in claim:** 2-D artwork, New artwork

## Rights and Permissions

**Organization Name:** Mattel, Inc.

**Name:** Michael  Moore

**Email:** michael.moore@mattel.com     **Telephone:** 310-252-6733

**Address:** 333 Continental Blvd.

Law Dept. -MI- 1518

El Segundo, CA 90245  United States

## Certification

**Registration #:**   VA0001884053
**Service Request #:**   1-1069691932



Mattel, Inc.
Michael Moore
333 Continental Blvd.
Law Dept. -MI- 1518
El Sugundo, CA 90245  United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

# VA 1-915-299

**Effective date of registration:**

July 23, 2014

## Title ──────────────────────────────────────

**Title of Work:** Barbie 2014 Consumer Products Style Guide

## Completion/Publication ──────────────────────

**Year of Completion:** 2012

**Date of 1st Publication:** December 18, 2012    **Nation of 1st Publication:** United States

## Author ─────────────────────────────────────

■    **Author:** Mattel, Inc.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant ─────────────────────────

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim ──────────────

**Material excluded from this claim:** 2-D artwork, text in Legal Guidelines for Trademark and Copyright Use and Style Guide End User Agreement

**New material included in claim:** text, photograph(s), 2-D artwork

## Certification ──────────────────────────────

**Name:** Lynn A. Whelan

**Date:** July 23, 2014

──────────────────────────────────────────────

**Correspondence:** Yes

**Registration #:** VA0001915299
**Service Request #:** 1-1595563077

*0000VA0001915299010*

Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245  United States

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-915-304

**Effective date of
registration:**

July 23, 2014

## Title

**Title of Work:** Barbie Consumer Products 2015 Style Guide

## Completion/Publication

**Year of Completion:** 2013

**Date of 1st Publication:** December 13, 2013    **Nation of 1st Publication:** United States

## Author

- **Author:** Mattel, Inc.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245, United States

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork, text in Legal Guidelines for Trademark and Copyright Use and
Style Guide End User Agreement

**New material included in claim:** text, photograph(s), 2-D artwork

## Certification

**Name:** Lynn A. Whelan

**Date:** July 23, 2014

**Correspondence:** Yes

**Registration #:**   VA0001915304
**Service Request #:**   1-1595638632



Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd.
M1-1220
El Segundo, CA 90245   United States

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-930-942**

**Effective date of registration:**

November 6, 2014

## Title

**Title of Work:** Barbie Packaging Guide 2010 and beyond

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** May 1, 2009                 **Nation of 1st Publication:** United States

## Author

■          **Author:** Mattel, Inc.

**Author Created:** text, photograph(s), 2-D artwork

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Mattel, Inc.

333 Continental Blvd., El Segundo, CA, 90245

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork

**New material included in claim:** text, photograph(s), 2-D artwork

## Certification

**Name:** Lynn A. Whelan

**Date:** November 6, 2014

**Registration #:** VA0001930942
**Service Request #:** 1-1882307352



Mattel, Inc.
Lynn A. Whelan
333 Continental Blvd., M1-1220
El Segundo, CA 90245

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-005-795

**Effective Date of Registration:**
March 16, 2016

---

## Title

**Title of Work:**   Barbie 2017 Seasonal Style Guide Consumer Products & Packaging

## Completion/Publication

**Year of Completion:**   2016
**Date of 1st Publication:**   February 25, 2016
**Nation of 1st Publication:**   United States

## Author

- **Author:**   Mattel, Inc.
  **Author Created:**   2-D artwork, Text
  **Work made for hire:**   Yes
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Mattel, Inc.
333 Continental Blvd., El Segundo, CA, 90245, United States

## Certification

**Name:**   Richelle W. Savage
**Date:**   March 16, 2016

---

**Correspondence:**   Yes
**Copyright Office notes:**   Basis for Registration: collective work



## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayn Leigh Clyzeth*

Acting United States Register of Copyrights and Director

**Registration Number**
**VA 2-082-446**
**Effective Date of Registration:**
January 19, 2017

## Title

**Title of Work:** Barbie 2018 Consumer Products Guide

## Completion/Publication

**Year of Completion:** 2016
**Date of 1st Publication:** December 16, 2016
**Nation of 1st Publication:** United States

## Author

- **Author:** Mattel, Inc.
  **Author Created:** photograph, 2-D artwork, Text
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Mattel, Inc.
333 Continental Blvd., El Segundo, CA, 90245, United States

## Certification

**Name:** Richelle W. Savage
**Date:** January 19, 2017

**Copyright Office notes:** Basis for Registration: Collective work

*0000VA000208244602202*